## THE STATE OF LOUISIANA *v.* MICHAEL READ.

In a prosecution, under the statute of 16th of March, 1830, against a person for having used language of a tendency to produce discontent or insurrection among the slaves, it is essential that the indictment should set forth the words thus used, and charge that they were used with a felonious intent.

APPEAL from the District Court of West Feliciana, *Penn*, J. *Isaac Johnson*, Attorney General, for the State. *C. Ratliff*, for appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by the accused from a judgment of the Court of the Seventh District sitting in the parish of West Feliciana, by which he was sentenced to be confined at hard labor in the penitentiary for the term of five years, and to pay the costs of prosecution. He was indicted, and found guilty under a statute approved on the 16th day of March, 1830, entitled, "An act to punish the crimes therein mentioned, and for other purposes." The section under which the indictment was framed is in these words :

"Be it further enacted, That whosoever shall make use of language in any public discourse from the bar, the bench, the stage, the pulpit, or any place whatsoever; or whosoever shall make use of language in private discourses or conversations, or shall make use of signs or actions, having a tendency to produce discontent among the free colored population of this State, or to excite insubordination among the slaves therein ; or whosoever shall knowingly be instrumental in bringing into this State any paper, pamphlet, or book having such tendency as aforesaid, shall, on conviction thereof before any court of competent jurisdiction, suffer imprisonment at hard labor not less than three years nor more than twenty-one years, or death, at the discretion of the court."

The indictment charges : That *Michael Read*, late of the parish of West Feliciana, and State of Louisiana, yeoman, on the tenth day of February, in the year of our Lord one thousand eight hundred and fifty, with force and arms, at the parish aforesaid and State aforesaid, did in public discourse make use of and utter the following language in substance, and to the effect, that is to say : " The negroes (he meaning the slaves of the parish and State aforesaid) are as free as the white men. (He meaning the white men of the parish and State aforesaid.) This is a free country, (meaning the parish and State aforesaid,) and that the

negroes (he meaning the slaves of and in said parish and State) have no right to call any man master; which said discourse and language, so uttered as aforesaid by the said *Michael Read*, did then and there have a tendency to produce discontent among the free colored population of the State of Louisiana, and to excite insubordination among the slaves therein, contrary to the form of the statute in such cases made and provided, in contempt of the authority of the State of Louisiana, and against the peace and dignity of the same."

The jury found the accused guilty in manner and form as charged in the indictment, and recommended him to the mercy of the court.

The counsel appointed by the court to defend the accused moved to arrest the judgment, on the grounds that the crime was not sufficiently and positively stated in the indictment; that the accused is not charged with any criminal intent in uttering the words alleged to have been spoken, and that the indictment does not state any particular words to have been uttered which would subject him to a criminal prosecution, but charges him with having, in public discourse, made use of and uttered the following language in substance, and to the effect, &c. The motion to arrest the judgment was overruled, and the case has been argued before us by the attorney general and the counsel for the accused, on the grounds urged in support of the motion in the court below.

We understand that the rules concerning indictments at common-law relate generally to indictments for crimes under statutes, and that whatever precision is required in the one is necessary in the other, and that it is often insufficient merely to pursue the description of the offence given in the statute by which it is created. It is laid down in general terms in elementary works on the criminal law, that all indictments under statutes, especially the most penal, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant within it. Vide *The King* v. *Neill et al.*, 6 East. Rep. 417.

The indictment contains no charge of any criminal intent, and the word *feloniously*, which is necessary in indictments for felony, is omitted, nor is there any equivalent word to be found in this indictment. Nor is it charged that the words were uttered in the presence or hearing of slaves or persons of color. This may not be essential in all cases under the statute; but under the very naked charges of this indictment, which repeat merely the words of the statute, an allegation of this kind would be necessary in order to constitute an offence. The statute makes it criminal to make use of language having a tendency to produce certain evils.

Our impression is, that besides setting forth the words *made use of*, the indictment ought to contain such averments and inuendoes as establish its tendency and the relation in which they were spoken, rendering the language intelligible, and its application to the evil intended to be reached by the statute evident. The words of the statute, "having a tendency," are so comprehensive and vague, that without proper averments, indicating the tendency, and sufficient explanatory statements and references as to the words spoken, the accused would not have the means of defence, which an indictment, drawn with the precision and certainty which the law requires, would afford to him. Our inquiries have not led us to discover any precedent of an indictment like this having been sustained. The requisites of indictments for seditious words and for libels affords us examples which we consider as safe guides, although the cases are not identical.

STATE
*v.*
READ.

It is urged, on behalf of the State, that the statute does not require any criminal intent to constitute the offence, and that it is not necessary to allege it, inasmuch as malice may be inferred from the language itself, without averment or extrinsic proof of it. But in this case there are no averments, references, or inuendoes concerning the language used which establish the inference. We understand the rule to be, that the charge must be sufficiently definite and explicit to support itself, and no latitude of intention can be allowed to include anything more than is expressed. 2 Burrows, 1127. 2 Maule and Selwyn, 381. Chitty's edition of Blackstone, vol. 4, p. 306, notes.

The other objection taken by counsel to the validity of the indictment is, that it does not purport to state the words uttered, but the substance and effect of them. The indictment charges that the accused did, in public discourse, make use of and utter the following language, in substance and to the effect, that is to say. The attorney general contends that the words " in substance and to the effect" may be considered as surplusage and not written, and that the indictment will then read, "utter the following language, that is to say," and is sufficient

It appears to us that the suppression of these words would violate the sense of the indictment, and that these words were intended to qualify those which preceded them. The indictment certainly does not purport to give the language uttered, but the substance and effect of it.

When a man's life is put in jeopardy for language made use of, we think the language itself ought to be charged in the indictment. Where words are the gist of the offence, they must be set forth in the indictment with the same particularity as a libel. Where words are laid as an overt act of treason, it is sufficient to set forth the substance of them; for they are not the gist of the offence, but the proofs or evidence of it. Archbold's Criminal Pleading, 22.

For these reasons, the judgment in this case is arrested.