THE STATE OF LOUISIANA *v.* PATRICK EGAN et als.

It is no ground of objection to an indictment for riot that the time at which the offence is charged to have been committed, is set forth in figures or Arabic numerals.

A judgment against one who was indicted for a riot with three co-defendants and " divers other persons unknown," will not be arrested because his co-defendants were found "not guilty." *Non constat* but that he may have been guilty of a riot with the persons unknown.

APPEAL from the District Court of St. Mary, *Dupre*, J.

*A. L. Tucker*, for the State. *Lea & Wilson*, for defendant and appellant.

SPOFFORD, J. *Patrick Egan* having been found guilty under two counts of an indictment, one charging him with an assault and battery, and the other with being party to a riot, was sentenced to imprisonment in the parish prison for the term of one year, and to pay a fine of $500, &c.

From this sentence he has appealed.

He complains that his motion in arrest of judgment was improperly overruled.

There are two points upon which the defendant relies in this Court for a reversal of the judgment.

I. That the day on which the assault and battery are alleged to have been committed was not written out in full, but was set forth in the bill of indictment as the " 7th day of April, in the year eighteen hundred and fifty-four."

In some of our sister States who derive their criminal law, like ourselves, from England, it has been held, that the use of figures instead of words, to specify dates in an indictment, will not vitiate the indictment. See Wharton's Prec. of Indictments, p. 9 ; Wharton's Crim. Law, 111.

Without entering upon the question whether the objection here made would ever have been tenable under our law, we deem it sufficient in the present case, to refer to the Act of March 14th, 1855, § 17, (Sess. Acts, p. 174) which declares that "no indictment for any offence, shall be held insufficient for omitting to state the time at which the offence was committed, in any case where time is not of the essence of the offence, nor for stating the time imperfectly."

Under a former decision it was not necessary to state the judicial district in which the crime was committed, the venue being sufficiently laid by stating the parish. The mode of describing the district was, therefore, immaterial. *State v. Kennedy*, 8 R. R. 599.

II. But the defendant urges, that the judgment should have been arrested because he alone was found guilty of a riot, his co-defendants having been acquitted of that charge.

It is very obvious that one person cannot commit a riot. But the indictment in this case charges that the appellant and his three co-defendants, together " with divers other evil disposed persons to the number of ten or more to the inquest aforesaid as yet unknown," were participants in the riot. The acquittal of the three co-defendants, whose names had been learned by the Grand Jury, did not, therefore, render it impossible for the appellant to be found guilty of a riot in company with the unknown persons. 2 Hawkins P. C. 626 ; *Rex* v. *Scott*, 3 Bur. 1262 ; Wharton's Crim. Law, 726 ; 3 Arch. 590.

It is, therefore, ordered that the judgment of the District Court be affirmed with costs.