State vs. Bradford.

No. 8255.

THE STATE OF LOUISIANA VS. THOMAS BRADFORD.

The offence charged is sufficiently described in the indictment, when it is averred that the accused did *wilfully* and *feloniously* shoot and wound * * * with the intent * * * wilfully, feloniously and *of his malice aforethought* to kill, etc. The charge of *malice* in the shooting as well as in the intent to kill, is not indispensable.

APPEAL from the Twentieth Judicial District Court, parish of Assumption. *Knoblock, J.*

*R. M. McCulloh* and *Jno. H. Ilsley, Jr.,* for Defendant and Appellant:

An information under Sec. 791, Revised Statutes, charging the defendant with "wilfully and feloniously" shooting, is deficient, and should have charged the shooting to have been done wilfully, feloniously and maliciously, or with malice aforethought, with the intent laid.

*J. C. Egan,* Attorney General, for the State, Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Appellant complains that the information under which he was tried and convicted of shooting with intent to commit murder, is defective, in not containing the words " with malice aforethought" or " maliciously," in the description of the manner of shooting.

The information charges that appellant and two others " *did wilfully and feloniously shoot and wound with a dangerous weapon, to wit, a pistol, with the intent then and there the said Alonzo Lacroix feloniously, wilfully and of their malice aforethought to kill and murder,*" etc.

The question is whether the crime charged is sufficiently described to justify the conviction and sentence.

Under the statute, the offence charged is composed of two ingredients ; one, the shooting, and the other, the intent to commit murder ; and the gist or gravamen of the crime lies in the intention with which the act of shooting is done.

The intention to commit murder, does not follow or qualify every

shooting, just as every homicide does not contain the element of murder. It is the animus or intention with which the blow inflicting death is dealt, which presents the test under which the homicide is to be qualified or punished.

It, therefore, follows that, if the intent with which the fatal blow is inflicted, is properly and sufficiently described in the indictment or information, the end of the law is satisfied.

As suggested by appellant's counsel, the crucial test of the sufficiency of such an indictment, is whether, in case of death of the party shot and wounded, the description of the crime, as contained in this instrument, would be sufficient to warrant or justify a verdict for murder. We have no hesitation to assert that the description complained of would be sufficient. And in this opinion we are amply borne out both by reason and by authority.

Under this test, the indictment would read in substance, as follows: "did wilfully and feloniously shoot * * * with a dangerous weapon, to wit, a pistol, * * and did then and there the said A. L. feloniously, wilfully and of their malice aforethought kill and murder."

The crime of murder is, beyond a doubt, sufficiently described in such language, and the indictment would be sufficient even if the words "wilfully" and "feloniously" had been omitted before the word "shoot."

An indictment strikingly similar to this information, in which the assault was not described by the words wilfully or with "malice aforethought," was held sufficient by the Supreme Court of Massachusetts in the case of Commonwealth vs. Chapman, 11 Cushing, 422; Bishop on Statutory Crimes, § 506; same on Criminal Procedure, § 547.

Our own Supreme Court, in the case of State vs. Robertson, 30 An. 342, held that "it shall be sufficient in any indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased," quoting the very language of the statute, R. S. Sec. 1048, prescribing the requisites of an indictment for murder.

In the case quoted, the averment was that "A. R. did cut, stab and wound the said O. R.," and the indictment further charges "that the said A. R. did the said O. R. then and there wilfully, feloniously and of his malice aforethought kill and murder."

In the case of State vs. Thomas, 29 An. 601, mainly relied upon as authority by appellant's counsel, which was on an identical charge with the case at bar, neither the shooting nor the intent to commit murder, were described as "malicious," and hence, the decision quashing the indictment in that case is no authority in this.

There is no error in the judgment appealed from, and it is, therefore, affirmed.