State of Louisiana vs. Harlis.

---

## No. 1112.

### THE STATE OF LOUISIANA VS. SAMUEL HARLIS.

In an Indictment for perjury, it is indispensable to aver before which Court or authority the offense charged was committed, and also, that the officer who administered the oath to the accused, was competent to do so.

A PPEAL from the Twelfth Judicial District Court, parish of Avoyelles. *Barbin*, J.

---

*E. D. Hunter*, District Attorney, for the State, Appellee.

*E. Joffrion, L. J. Ducoté* and *Albert Voorhies*, for Defendant and Appellant:

The information is defective as follows:

First—It does not state before what court the perjury was committed.

Second—It does not aver the administration of the oath, nor state by whom it was administered.

Third—It does not aver that such court or person had competent authority to administer the oath.

Fourth—It does not state the substance of the offense charged, as required under common law precedents, with the modifications of the law of Louisiana.

Fifth—It has no averment to falsify the matter wherein the perjury is assigned.

Sixth—It does not indicate the proceeding in which the oath was administered.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused was prosecuted for perjury, tried, convicted and sentenced to five years imprisonment at hard labor in the State Penitentiary. From the rulings on the trial and the judgment thus rendered he has appealed.

By bill of exception and motion in arrest of judgment, he complains that the information is fatally defective in several particulars, which it is unnecessary to enumerate, but which will be considered.

The statute requires the setting forth of "the substance of the offense, by what court, or before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with a proper averment to falsify the matter wherein the perjury is assigned." R. S. 858.

State of Louisiana vs. Harlis.

Perjury is a common law offense. The statute denounces the crime without defining it. All the common law requirements should have been followed. 9 An. 211; 5 An. 234; 20 An. 147; 26 An. 71.

In State vs. Cook, 20 An. 147, the Court said: "The English forms of indictment have been in use for many years; they have stood the test of time: they can hardly be bettered in respect to clearness; fullness and succinctness, and it is very desirable that prosecuting officers would observe them more strictly."

In the case before the Court, the requirements of the statute touching essential averments should have been and were not observed. The information does not state before what court the crime charged was committed, or by whom the oath was administered. It was necessary to have made those averments, and also that the officer who received the oath had competent authority to administer it. 29 An. 71, 147; 4 An. 324; 32 An. 428; Archbold, Cr. Pr. vol. 3, 592, 12, 593, 1, 15, 594.

The bill of exception was well taken, and the motion in arrest of judgment should have prevailed.

It is, therefore, ordered that the verdict of the jury be set aside, that the judgment and sentence be reversed and avoided, and that the case be remanded for further proceedings according to law, the defendant to remain in custody, subject to the orders of the lower court, for further prosecution according to law. 32 An. 576; 30 An. 817; 1028.