## No. 66.

### THE STATE OF LOUISIANA vs. J. H. FLINT.

The accused having pleaded not guilty upon a first arraignment and, upon trial, the jury not agreeing and being discharged, a second arraignment took place, when the accused pleaded guilty and was sentenced by the Court: *held* that the proceeding was legal and that no formal withdrawal of the first plea of not guilty was necessary.

It is no more an open question in Louisiana that, in an Indictment under a statute providing a punishment for the commission of a common law offense, it is insufficient to charge the offense in the statutory terms alone, but all essential averments in an Indictment at common law for the same offense are necessary. Therefore, forgery being a common law offense, not defined in our statutes, and a felony at common law, the omission of the word *feloniously* in the Indictment vitiates the proceeding.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

(This case was originally decided at the October Term, in Shreveport, and transferred to New Orleans, where the Decision on the Rehearing was rendered.)

---

*M. S. Crain*, District Attorney, for the State, Appellee:

First—Felonies and misdemeanors, forming part of the same transaction, may be joined, as in larceny and conspiracy to steal. Whart. Crim. Pleadings, 8th ed. pp. 291, 285.

Second—It is not duplicity to couple successive statutory phrases in one count of an indictment. Whart. Crim. Pleading, 8th ed. § 251.

Third—Judgment will not be arrested on the ground that the offenses are distinct. Ib. § 251.

Fourth—A motion in arrest for duplicity cannot be sustained, duplicity is fatal on motion to quash or demurrer. Ib. § 760; 1 Bish. Crim. Pro., § 443 and note.

Fifth—By a plea of guilty, defendant confesses himself guilty in manner and form as charged in the indictment; formal defects in indictment are cured by this plea. Ib. § 413, 416; 1 Bish. Crim. Pro., 3d ed. § 794. 5, 8.

*Hicks & Hicks* for Defendant and Appellant:

First—A jury in a case of felony cannot be discharged without a verdict, unless it is clearly apparent, after sufficient trial, that they cannot agree.

Second—An arraignment and plea of guilty cannot be allowed when defendant has been arraigned and pleaded not guilty, when there was no withdrawal of the first plea, and, therefore, the sentence in this case is illegal. 1 Chitty's Crim. Law, 434, 437; 1 Bishop's Crim. Pro. Sees. 748, 750; 2d. Yerger's R. 248; 1 Bishop's Crim. Pro. 124, 801, 798.

Third—A jury in a case of felony cannot be discharged without a verdict, in the absence of the defendant, who is in jail. 30 An. 368; 1 Chitty's Crim. Law, 663; 1 Bishop's Crim. Pro. 271.

Fourth—Forgery and uttering a forged order cannot be joined in one count of the indictment. They are distinct, and different offences and require different punishments. 3 G. E. Sec. 104; Arch. Crim. Pl. 287, 288, 294; 2 Bishop's Crim. Law, Sec. 604-5-7, 548, R. S. 976; 3 Chitty's Crim. Law, 1031; 2 Bishop's Crim. Law, Sec. 609; R. S. Sec. 833, 835; and is fatal in arrest of judgment. 30 An. 571; 32 An. 573; 30 An. 313; 32 An. 574; 11 An. 648. Plea of guilty does not cure the defect. 1 Bishop's Crim. Pro. Sec. 795; 6 Texas, 334; 1 Bishop's Crim. Pro. Sec. 798. An indictment for forgery and uttering a forged order which were felonies when the punishment was affixed in R. S. 833 and 535, must contain the word "feloniously." 1 Chitty's Crim. Law, 242; 20 An. 145, 409; 8 R. 547, 601-2; 30 An. 846; 8 An. 114; 6 An. 405; 12 An. 383.

The opinion of the Court was delivered by

LEVY, J.  Defendant was indicted by the grand jury of the parish of Caddo for the crime and offence of forgery. He pleaded guilty and was sentenced by the Court to imprisonment at hard labor, in the State penitentiary, for the term of two years, commencing from date of incarceration therein. When first arraigned, the prisoner pleaded not guilty and put himself on trial by a jury, and owing to the inability of the jury to agree, there was a mistrial. Two days afterwards, the prisoner was again arraigned and pleaded guilty, under which plea he was sentenced as aforesaid.

There were motions for a new trial and in arrest of judgment, both of which were overruled for the reasons given by the judge *a quo*, which are found in the record. We also find an assignment of errors filed in this Court.

The motion for a new trial is based upon the averment that the *verdict of the jury* is contrary to the law and the evidence; that in arrest of judgment, 1st. "that the indictment charges distinct and separate crimes and offenses against the defendant in the same and only count, which crimes and offenses require different punishments, provided by different statutes." 2d. "The indictment charges that defendant did counterfeit and forge a certain order, which crime is punished, under the Revised Statutes, Sec. 833, by imprisonment, at hard labor, for not less than two years nor more than fourteen years; and, in the same count, it is charged that he did utter, put-off and publish as true the same

State of Louisiana vs. Flint.

order, which crime is punished, under the Revised Statutes, Sec. 835, by imprisonment, at hard labor, not more than ten years, and not less than two years; and the indictment is for two distinct and separate offences and is bad for duplicity;" 3d. "Neither of the offenses are charged to have been committed feloniously, though they are common law offenses;" 4th. "If they are statutory offences, the indictment does not charge either offense in the words of the statute or in equivalent words; 5th.· "The court cannot, under the verdict and the charges in the indictment, apply any punishment applicable to the charges."

We do not think the first ground urged in this motion is tenable, inasmuch as two distinct offenses, i. e., the offense denounced in section 833, R. S., and that in 835, are not charged in the indictment. Sec. 833 reads: "Whoever shall forge or counterfeit, or falsely make or order, or shall procure to be falsely made, altered, forged or counterfcited any ( .* * * * ) order, acquittance or discharge for or upon the payment of money or delivery of goods, ( * * * * ) or shall alter or publish as true any such false, altered, forged or counterfeited ( * * * * ) order ( * * * * ) with intent to injure or defraud any person, ( * * * * ) on conviction, shall be punished by imprisonment, at hard labor, *for not less than two nor more than fourteen years.*" Sec. 835 reads: "Whoever shall utter or tender in payment, as true, any false, altered, forged or counterfeited *note, certificate, check or* bill *of any debt of this State, bank bill, check or promissory note, payable to the bearer by any bank,* knowing the same to be false, altered, forged or counterfeited, with the intent to injure or defraud this State, any body politic or corporate, or any person, shall, on conviction, be imprisoned at hard labor, *not exceeding three years, and fined not exceeding two thousand dollars.*"

It is true these two sections define entirely different offenses, but the indictment does not charge them. It is charged in this indictment, that the prisoner " wilfully, falsely, and fraudulenty, did counterfeit, forge, utter, put-off and publish as genuine, one certain order for goods and supplies, ( * * * * ) with intent to defraud said Weiler, to the great damage of said Weiler," &c. Thus, the indictment does not charge the offense contained in Sec. 835, which describes an offense different from that in Sec. 833, and prescribes a different punishment.

The offense of forging, counterfeiting, and falsely making, &c., an order for the delivery of goods, and that for publishing as true *any such* false, altered, forged or counterfeited *order,* are embodied in the same section by means of the conjunction *or,* and are conjunctively set forth in the only count of the indictment.

The questions to be decided are, then : Does this constitute duplicity and is it a fatal defect and, if so, is it cured by verdict ?

Counsel for defense cites the case of State vs. Palmer, 32 An. 565, and relies upon it in support of his motion. The doctrine therein enunciated was based upon entirely different facts and is by no means applicable to the case at bar. In the Palmer case we held that "the indictment should have been confined to the provisions of Sec. 907 R. S., instead of which it has been extended to those of section 905, which applies to other and distinct cases of embezzlement and breach of trust. Thus, in this indictment, in this (Palmer's) case, there are grouped in each count the offenses described in these two different sections, which define different and distinct classes of offenses. *For that reason*, the indictment in both its counts, is bad for duplicity and defective for uncertainty." In State vs. Adam et al., 31 An. 719, the Court held: "Several offenses, distinct in kind and degree, cannot be included in the same count, but this rule does not apply to cumulative offenses denounced in the same clause or section of a criminal statute. Such clause or section may, and often does, enumerate several offenses linked to the same act, or enumerate disjunctively the intent necessary to constitute each of the offenses, and in such cases, they may be charged conjunctively in one count." Also, "This prosecution is under Rev. Stats., section 794, and reads : Whoever shall with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, etc. The crime thus denounced was charged conjunctively and cumulatively and the indictment is not amenable to the objection urged by the prisoner, which applies to a different class of cases." In State vs. Markham, 15 An. 498, the same rule is clearly stated. See, also, 2 An. 837, 838; 4 An. 32; 14 An. 668; 40 Maine, 592; 36 N. H. 359; Wharton, Crim. Law, pp. 81, 98; Starkie, Crim. Pl. 271; Wharton, Crim. L. (3d ed.) 172, 173, 188, 203–4; Lewis, Am. Cr. Law, p. 303.

We adopt the ruling and reasons of the District Judge on defendant's objections that the offenses are not charged to have been committed feloniously, and the offense is not charged in the words of the statute, or in equivalent words, in which he is fully sustained by the authorities cited by him. 9 An. 106; Voorhies' Crim. Jurisp. p. 391, No. 78; 13 An. 243; 1 Bish. Cr. Pr. and Pl. § 535, 536; 30 An. 814. See, also, Wharton, Am. Cr. Law (3d. ed.), 194, 189, 190. His ruling, also, on the fifth objection in the motion, that "the court cannot, under the verdict and the charges in the indictment, apply any punishment applicable to the charges," is also in full accordance with our views as hereinbefore expressed.

The assignment of errors has been considered by us and we find nothing which would justify the reversal of the judgment. The District Judge exercised the discretion vested in him when he discharged the jury on the first trial, on its failing to agree upon a verdict. 7 An. 518.

The prisoner had the indisputable right to plead guilty on his second arraignment and this plea was *ipso facto* a withdrawal of his former one. The mere absence of the formality of a written or even verbal withdrawal *ipsissimis verbis* cannot vitiate the proceedings.

We think that the objections urged as to the proceedings had on the first trial, are not such as we should or can properly inquire into or discuss. The second trial is all with which we have anything to do. The accused stands upon his plea of guilty and the proceedings under and growing out of that plea and the validity of the indictment, which charged the offense, are the only subjects and questions for our consideration.

The judgment of the lower Court is affirmed with costs.

### On Rehearing.

FENNER, J. We granted a rehearing in this case, exclusively on the ground of the insufficiency of the indictment, by reason of the omission of the word " feloniously" in the description of the offense charged.

A review of the authorities has convinced us that we were in error in overruling this objection. It seems to be no longer an open question in the jurisprudence of this State, that in an indictment under a statute providing a penalty for the commission of a common law offense, it is insufficient to charge the offense in the statutory terms alone, but all essential averments in an indictment at common law for the same offense will be deemed necessary here. State vs. Thomas, 29 An. 601; State vs. Curtis, 30 An. 814; State vs. Cook, 20 An. 145; State vs. Durbin, 20 An 408; 8 R. 590; 10 An. 195, 698; 5 An. 324.

The defendant here was indicted under a statute punishing the offense of *forging*, without defining what forgery is. Forgery was a common law offense, and we must look to the common law for the definition of what it means under the statute. Whatever was essential to the description of that offense in an indictment at common law, is essential here.

Forgery was a felony in England in 1805. 3 Chitty's Cr. L., 1031.

The absense of the word "feloniously" from an indictment for forgery at common law would have been fatal. It is equally so here. See authorities above quoted; also Wharton, Am. C. L. §§ 399, 372, 1607, 1612, 1613.

It is, therefore, ordered that our former decree herein be annulled and set aside, and it is now ordered, adjudged and decreed that judgment and sentence appealed from be annulled, the indictment quashed as not good in law, and that the defendant remain in custody subject to the orders of the District Court of the parish of Caddo.

The Chief Justice takes no part in this decision, having been absent when the case was submitted.