## No. 9802.

### THE STATE OF LOUISIANA VS. MICHEL SONNIER.

In an information charging an assault with intent to kill, it is not necessary that the pleader should qualify both the "act" and the "intent" as felonious. To qualify the intent is sufficient.

The averment that the party assailed was then in the peace of the State, is not necessary to be proved; its omission is therefore not a matter of substance which would vitiate the information; hence, objection grounded on its omission cannot be made by a motion in arrest of judgment.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Hudspeth, J.

*John N. Ogden* and *E. P. Veazie*, District Attorneys, for the State, Appellee.

*W. C. Perrault* for Defendant and Appellant:

1. "If the offense be statutory it is indispensable to describe it, if not in the letter, at least in the spirit of the statute creating the offense. The substance must be rigidly given." Voorhies Crim. Jur. p. 388, no. 69, 70, 72; same book. p. 387, no. 67, 68; Wharton Crim. Prac. and Plead (8th ed.) §§ 152, 153, 154, 163, 166; 5 Ann. 324: Bishop Crim. Proc. § 360 and notes, § 362 and notes, §§ 268, 277.

2. An information framed under Sec. 793, R. S. of Louisiana, which does not aver that the assault was made with felonious intent, or that the intent was to feloniously kill and slay, is defective and bad for uncertainty, because in such cases the intent forms the gist of the offense and must be specially averred. Wharton's Crim. Law (8th ed.), Vol. 1, § 641; 36 Ann. 99; Voorhies Crim. Jur. p. 388, No. 72; Wharton's Precedents of Ind. § 242; Bish. C. P. § 556.

3. An information framed under said Sec. 793, which does not allege that the party assaulted

State vs. Sonnier.

was a "person in the peace of the State then being," is fatally defective. The law in said section intended to deal with unprovoked assaults upon peaceable and unprovoking persons; and although not material to be averred in murder or manslaughter cases, is of the essence of the offense created and punished by Sec. 703 of R. S. of Louisiana. Voor. Crim. Jur. p. 144, p. 387, no. 67, 68: also p. 388, no. 69, 72; Whar. Cr. P. and P. §§ 152, 153, 154, 166: Bish. C. P. §§ 268, 556.

The opinion of the Court was delivered by

POCHÉ, J.   Defendant appeals from a conviction of an assault with intent to kill, under section 793 of the Revised Statutes, and from a sentence of imprisonment and a fine exceeding three hundred dollars.

His complaint, by means of a motion in arrest of judgment, presents two questions:

1st.   The alleged defect of the information in this, that it does not qualify the assault, or the intent as felonious.

2d.   The fatal omission of the words, "in the peace of the State then being."

1st.   A serious doubt may exist as to the nature of the offense denounced by section 793, and as to the intention of the law-giver to therein provide for a felonious offense.

But be that as it may, we find that the information in this case charges the accused with "an assault with intent to kill and feloniously slay," etc., and we conclude that the intent is thereby sufficiently described.   In such cases, it is not indispensable to qualify both the act and the intent.   State vs. Bradford, 33 Ann. 921.

It is true that the information is drawn in a very inartistic manner, but the argument of defendant's counsel, predicated on the idea that the words "kill" and "slay" are not synonymous, is somewhat hypercritical.

2d.   There is no merit in the second ground of the motion.   This Court has held, on good authority, as well as on reason, that the omission of this averment is no ground for a motion in arrest of judgment. State vs. Vincent, 36 Ann. 771.

We have also held, and we reaffirm the ruling, that the omission of the words "in the peace of the State then being," was covered by section 1063 of the Revised Statutes, which provides that "no indictment for any offense shall be held insufficient for want of the averment of any matter unnecessary to be proved," and that such an averment was not necessary; hence the omission of the same does not vitiate the indictment.   State vs. Simeon, 36 Ann. 923.

We therefore conclude that an objection on that ground does not involve a matter or defect of substance, and that it cannot avail the defendant under a motion in arrest of judgment.

Judgment affirmed.