### No. 12,083.

### STATE OF LOUISIANA vs. C. M. MATLOCK.

In an indictment for perjury the use of the word " feloniously " is not necessary to describe the offence.  If the indictment charges the offence in the statutory description, it is sufficient.   Corrupt, wilful and false swearing to an affidavit for a continuance is embraced within Sec. 857, R. S.

The word "feloniously" is essential in indictments only when it is used in the statute describing the offence, or where the statute refers to the common law offence only by name, and its use was essential in an indictment.  But where a common law offence is referred to, and it is preceded by a statutory description, an indictment following the statutory description is sufficient.

APPEAL from the Second Judicial District Court for the Parish of Bossier.  *Watkins, J.*

*M. J. Cunningham*, Attorney General, and *A. J. Murff*, District Attorney, for Plaintiff, Appellant.

*R. D. Webb* and *Joannes Smith* for Defendant, Appellee.

Submitted on briefs March 14, 1896.
Opinion handed down March 23, 1896.

The opinion of the court was delivered by

McENERY, J. The defendant was indicted for perjury. The word "feloniously" was omitted from the indictment. For this reason the defendant moved to quash the indictment. The motion was sustained, and the State appealed. The offence was a misdemeanor at common law, but the statute has made it a graver offence, and it is now felony by implication. But this is no reason for the description of the offence as felonious.

In the case of State vs. Charlot, 8 Robinson, 529, it was said that the word was unknown to the jurisprudence of this State. This doctrine, however, was overruled by subsequent decisions. State vs. Rohfrischt *et al.*, 12 An. 382.

Its employment in indictments has been misunderstood and misapplied, and its use has occasioned no little confusion.

Section 976, Revised Statutes, provides that crimes, offences and misdemeanors shall be taken, intended and construed according to and in conformity with the common law of England. Perjury was a misdemeanor at common law. In this State there is no law defining felony, and no requirement to what offences the word shall be applied.

It is required and is essential in indictments only when it issued in the statute to describe a crime, or when the statute refers to the common law offence only by name, and its use was essential to a proper designation and description of the offence at common law. When the statute refers to a crime which was a felony at common law and describes the same, the language of the statute, or words of equal import, must be followed.

Perjury at common law was the "taking of a wilful, false oath by one who, being lawfully sworn by a competent court to depose the

truth in any judicial proceeding, swears absolutely and falsely in a matter material to the point in issue whether he believed it or not." The Legislature in this State has extended the crime to wilful false swearing to any deposition or affidavit taken or made pursuant to the laws of the State. The indictment charges the offence in the language of the statute and this is sufficient, as it embodies the definition of the offence as known to the common law. It is also urged that it is averred in the indictment that the alleged perjury was on a material point in the controversy, and that the materiality does not appear in the indictment, and that admitting the subject matter was falsely sworn to, it was not material to the investigation of the case.

The indictment charges that the perjury was the false swearing to an affidavit for a continuance. The affidavit was made in a judicial proceeding, was material in the controversy pending, as it had direct reference to the disposition of the case. But the false swearing to such an affidavit is directly within the meaning of Sec. 857, Revised Statutes.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the case be remanded to be proceeded with according to law.