The opinion of the court was delivered by
Miller, J.
The defendant appeals from a sentence for assault to commit rape; the indictment being for rape.
He relies for the reversal of this sentence upon the motion to quash the indictment and the bill of exceptions to the overruling the motion. The indictment charges that fhe accused in and on one I. B. violently and feloniously did make an assault, and her the said I. B. then and there forcibly and against her will did ravish and carnally know. The ground of the motion is the indictment sets forth no offence, the felonious intent essential to constitute the crime of rape not being charged. The assault is charged to have been felonious. The State claims that “ feloniously ” is to be taken also to qualify ravish and carnally know.
Indictments for common law offences must set forth the constituents of the crime; it is not sufficient to follow merely the words of the statute using the common law term of the offence. State vs. Read, 6 An. 228; State vs. Cook, 20 An. 145; State vs. Flint, 33 An. 1288. Nor can there be any question that the felonious intent to ravish and carnally know is essential to the crime of rape. The crime is of the highest order of felonies, and feloniously qualifying “ ravish ” it is laid down must be Charged in all indictments for. such crimes. 2 Archibold Crim. Practice and Pleadings, 304, 307, 312; 2 Bishop Crim. Proc. 807, 808. In this indictment “ feloniously ” is used in qualifying the assault, but is not used in qualifying the sentence, ravish, etc. By no rule of construction can we extend the function of this important adverb and make it qualify any act but the assault in connection with which only it is employed. If this construction required any additional support it will be supplied by the precedents for indict *1541 ments found in all the books of forms, and exacted by all the authorities. The indictments invariably use the adverb twice, i. e., qualifying the assault, and again in qualifying the following acts the substantial elements of the crime, thus: the said A. B. did feloniously assault O. D., and her, the said O. D., did then and there feloniously ravish and carnally know. Arehibold Ibid.; 2 Wharton’s Precedents, p. 186. We have been referred by the State to authorities from other States to support the indictment. We think we must follow our own decisions, as the decisions in other States may be controlled by their legislation. The authorities (State vs. Bradford, 38 An. 921; State vs. Sonnier, 38 An. 962; Carroll vs. Succession of Carroll, 48 An. 963; State vs. Langford, 45 An. 1178; Manning’s Unreported Cases, p. 394) we do not think sustain defendant’s contention. Our conclusion is the indictment is defective.
The State insists that the indictment, if not sufficient for rape, will sustain the conviction for assault with intent to commit rape. Revised Statutes, 1053; State vs. May, 42 An. 82. The rule applies when the indictment, charging with sufficiency one offence, includes another. Here no offence is charged and none is included. The cases cited by the State on this branch of the argument hold: one that it is enough, in an indictment for assault to commit rape, to charge the act itself as done feloniously; the other, that an indictment good for murder would sustain a conviction for manslaughter. The case in 42 An. was an indictment for rape, to which there seems to have been no objection. State vs. Langford, 45 An. 1178; State vs. Lee, 46 An. 623. The difficulty here is the indictment will not avail for the offence charged, nor include that of lower grade, and hence will not sustain the conviction for the assault. Archibold, 2d Vol., 7th Ed., p. 69, Note 1; State vs. Thomas, 29 An. 601; State vs. Green, 36 An. 99; State vs. Scott, 38 An. 387.
We think under our system, excluding the judge from charging on the facts, that the instructions asked in this case, in effect instructing the jury as to the inference of consent on the part of the woman, the jury should draw from the hypothesis of fact stated in the bill, was properly refused. We notice the point in view of the new trial that must occur.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be avoided and set aside, and the prisoner held for another trial on the indictment that may be preferred for the offence.