(35 South. 560.)

No. 15,015.

STATE v. COLEMAN.

(Nov. 30, 1903.)

HOMICIDE—INDICTMENT.

1. An indictment is not vitiated for want of the averment of any matter not necessary to be proved, such as "that the deceased was a person in the peace of the state, then and there being."

2. In criminal prosecutions, evidence of a motive for the commission of the alleged crime is relevant against the accused and is admissible. In this case state witnesses were asked concerning a supposed quarrel between the accused and the deceased, and whether the accused had not charged the deceased with having burned certain lumber belonging to the accused. Held, the questions were properly admitted.

(Syllabus by the Court.)

Appeal from Seventh Judicial District Court, Parish of West Carroll; W. J. Gray, Judge.

Rufus G. Coleman was convicted of murder, and appeals. Affirmed.

E. McBain, for appellant. Walter Guion, Atty. Gen., and John R. McIntosh, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of the Case.

MONROE, J. Defendant, having been convicted of murder and sentenced to death, has appealed. He is not represented in this court, but we find in the transcript:

(1) A motion to quash the indictment on the ground that it does not allege that the deceased was "a person in the peace of the state then and there being," and the following bills of exception, to wit:

(2) To the ruling of the court permitting a state witness to be asked, "Did you ever hear a quarrel between the defendant and the deceased?" over the objection that the question "fixed no time, was irrelevant, and not connected with the case at bar."

(3) To the ruling permitting a state witness to be asked, "Did you ever hear Rufus Coleman accuse Rufus Strait Coleman of burning some lumber belonging to Rufus

Coleman?" over the objection that the question was irrelevant.

Opinion.

1. An indictment is not vitiated for want of the averment of any matter not necessary to be proved. Rev. St. 1876, § 1063; State v. Vincent, 36 La. Ann. 770; State v. Simien, Id. 924; State v. Sonnier, 38 La. Ann. 962; State v. Robertson, 50 La. Ann. 456, 23 South. 510. The motion to quash was therefore properly overruled.

2. The statement of the judge incorporated in bill of exception No. 1 reads: "The testimony was admitted after the district attorney had asked the witness to fix the time of the quarrel, and the witness stated it was during this year, not very long since."

3. In bill No. 2, the judge states that the question was admitted to prove motive for the killing on the part of the accused.

Both questions were admissible to prove motive for the killing. State v. Johnson, 30 La. Ann. 921; A. & E. Ency. of Law (2d Ed.) vol. 11, p. 506.

There is no error in the judgment appealed from, and it is accordingly affirmed.