BAKER, J.
Appellant was convicted of the offense of having stolen property in his possession, knowing that it had been stolen. The only question presented is whether the indictment is invalid because it does not contain the word “feloniously.”
The indictment charges that the accused did, on • the day stated, -wilfully and unlawfully receive and have in his possession a certain Ford automobile, the property of one-Henry Maitre, valued at $576, well knowing, at the time of receiving and taking possession of said automobile, that the same had been stolen from said Henry Maitre, contrary to the form of the statute, etc.
It is not, in terms, alleged in the indictment that the accused “feloniously” received the stolen automobile, nor is it alleged that he knew that it had been “feloniously” stolen from Henry Maitre.
The statute which defendant was accused of having violated is Act 72 of 1898, p. 95, amending and re-enacting section 832 of the Revised Statutes of 1870, viz.:
“Whoever shall receive, have or buy any goods, chattels, money or thing of value, that shall have been feloniously taken, stolen, embezzled, or by false pretenses obtained, * * * shall suffer imprisonment, with, or without hard labor, not exceeding two years. Whoever shall receive, harbor or conceal any thief, knowing him or her to be a thief, shall suffer imprisonment not exceeding one year.”
-The statute does not, in terms, require, to constitute guilt, that the party accused shall have feloniously received the stolen goods, chattels, money, or thing of value. It does require, however, to constitute the offense, that the goods, chattels, money, or thing of value shall have been feloniously taken, stolen, embezzled, or by false pretenses obtained, and that the party accused shall have known that the goods, chattels, money, or thing of value shall have been so (meaning feloniously) taken, stolen, embezzled, or by false pretenses obtained. This precise language, with its accurate punctuation, does not necessarily mean that the goods, chattels, money, or .thing of value shall have been either feloniously taken, or feloniously stolen, or feloniously embezzled, or feloniously obtained by false pretenses. It means, most reasonably, that the goods, chattels, money, or thing of value Shall have been feloniously taken, or shall have been *1093 stolen, or shall have been embezzled, or shall have been obtained by false pretenses. In other words, the adverb “feloniously” qualifies the verb “taken” but not necessarily the verb “stolen,” or the verb “embezzled,” or the expression, “by false pretenses .obtained.” It is, of course, possible that the lawmaker intended that the word “feloniously” should qualify, not only the word “taken,” but also the words “stolen and embezzled,” and the expression, “by false pretenses obtained.” That construction, however, would merely accuse the lawmaker of redundancy. It would not change the meaning of the accusa tion to say that the accused knew that the automobile, worth $576, had been feloniously stolen, instead of saying merely that he knew that it had been stolen. Of course, if the statute, in terms, should require that the indictment should be couched in such redundant language, the courts would be constrained to require it. But we are not constrained to give an arbitrary and unreasonable meaning to law', even though it be a criminal statute, that is susceptible of a very reasonable interpretation.
[1 ] the word “felonious,” or “feloniously,” as used in defining crimes or offenses, has not a very well-defined, technical meaning, in the law of this state. It is well settled that it is not essential to the validity of an indictment that it shall charge that the party accused committed the crime feloniously, unless the statute, in terms, denounces the offense only when committed feloniously, or unless the offense is a common-law crime, for which the statute has imposed a penalty by naming the crime, without defining it. State v. Benjamin, 7 La. Ann. 47; State v. Cook, 20 La. Ann. 145; State v. Durbin, 20 La. Ann. 408; State v. Snow, 30 La. Ann. 402; State v. Palmer, 32 La. Ann. 574; State v. Harlis, 33 La. Ann. 1173; State v. Flint, 33 La. Ann. 1288; State v. Green, 36 La. Ann. 100; State v. Patterson, 42 La. Ann. 936, 8 South. 529; State v. Matlock, 48 La. Ann. 663, 19 South. 669; State v. Porter, 48 La. Ann. 1540, 21 South. 125.
[2] This court has twice decided that in an indictment for the offense of receiving or having possession of stolen goods, knowing that they were stolen, it is not essential to charge that the goods were feloniously stolen, or that the party accused knew that the goods had been feloniously stolen. See State v. Allemand, 25 La. Ann. 526, and State v. Moultrie, 34 La. Ann. 489. It is true, in each of those cases, the indictment charged that the party accused had feloniously received the stolen property. In Allemand’s Case, the allegation was that he “unlawfully and feloniously did receive,” etc.; and in Moultrie's Case the allegation was that he “did feloniously and knowingly receive,” etc. But those allegations did not supply the omission of the allegation that the goods had been feloniously stolen,.or the allegation that the party accused knew that the goods had been feloniously stolen. In other words, to say that a person feloniously received goods that he knew had been stolen is not the same as to say that he received goods that he knew had. been feloniously stolen. Therefore the ruling made in Allemand’s Case, and repeated in Moultrie’s Case is as appropriate to the question presented here, as to whether it was essential to charge that the party accused knew that the stolen automobile had been feloniously stolen, as if the indictment in the cases cited had not contained the allegation that the party accused had feloniously reqeived the stolen property.
[3] Before filing his motion in arrest of judgment in this case, defendant filed a motion for a new trial, averring that the verdict was contrary to the law- and the evidence, and, particularly, that the state had failed to prove that defendant knew, when he received the automobile, that it had been *1095 stolen. He. did not reservé' a bill of exceptions to the overruling of Ms motion for a new trial; and it would be of no avail if he had reserved a bill to the ruling, because it would present only a question of fact, pertaining to the guilt of innocence of the defendant, the decision of which was within the province of the jury.
The verdict and sentence appealed from are affirmed.
DAWKINS, J., dissents.