(109 So. 42)

No. 27917.

## STATE v. FONTENOT.

(May 31, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Indictment and information ⚖➡110(6).**

Under Rev. St. § 976, it is insufficient to charge common-law offense, such as rape, for which section 787 provides a penalty, in statutory terms alone, but all essentials of crime at common law must be charged.

**2. Rape ⚖➡21—Indictment not charging that intent accompanying act, as well as assault, was felonious is fatally defective (Rev. St. §§ 787, 976).**

Indictment for rape, not charging that intent accompanying act, as well as assault itself, was felonious, as required at common law, is fatally defective, in view of Rev. St. §§ 787, 976.

Appeal from Twenty-First Judicial District Court, Parish of Livingston; Columbus Reid, Judge.

Edward Fontenot was indicted for rape, and from a judgment quashing the indictment, the State appeals. Affirmed.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and L. Nicholas Pugh, Dist. Atty., pro tem., of Springville (E. R. Schowalter, of New Orleans, of counsel), for the State.

M. C. Rownd, of Springfield, and Amos L. Ponder, of Amite, for appellee.

LAND, J. It is charged in the indictment in this case that the defendant "feloniously, willfully, and unlawfully did make an assault upon Beulah Harris, and by force and violence against her will, and without her consent, the said Beulah Harris did rape, ravish, and carnally know, contrary to the form of the statute, etc."

Defendant filed a motion to quash the indictment, on the ground that it fails to charge that the alleged crime was committed with felonious intent.

The motion was sustained, and the state has appealed.

[1] 1. Section 787 of the Revised Statutes of 1870 declares that—

"Whoever shall commit a rape shall, on conviction, suffer death."

Section 976 of the Revised Statutes provides that—

"All crimes, offenses and misdemeanors shall be taken, intended, and construed, according to and in conformity with the common law of England and the form of indictment (divested, however, of unnecessary prolixity), the method of trial, the rules of evidence, and all other proceedings whatsoever in the prosecution of crimes, offenses and misdemeanors. changing what ought to be changed, shall be according to the common law, unless otherwise provided." Acts 1805–440–33; Acts 1855, p. 151.

The Legislature of this state has not changed the common-law form of indictment in prosecutions for the crime of rape. Necessarily, all of the essentials of this crime at common law must be charged in the indictment.

As said in State v. Flint, on rehearing, 33 La. Ann. 1292:

"It seems to be no longer an open question in the jurisprudence of this state, that in an indictment under a statute providing a penalty for the commission of a common-law offense, it is insufficient to charge the offense in the statutory terms alone, but all essential averments in an indictment at common law for the same offense will be deemed necessary here. State v. Thomas, 29 La. Ann. 601; State v. Curtis, 30 La. Ann. 814; State v. Cook, 20 La. Ann. 145: State v. Durbin, 20 La. Ann. 408; State v. Kennedy, 8 Rob. 590; State v. Heas, 10 La. Ann. 195; State v. Egan, 10 La. Ann. 698; State v. Stiles, 5 La. Ann. 324."

Rape was a common-law felony in 1805, and we must look for the definition of what it means under the statute.

[2] The absence of the word "feloniously"

from an indictment for rape at common law would have been fatal, and it is equally so here.

The qualification merely of the assault as felonious, as is done in the present case, will not suffice, as an indictment for rape is defective that does not charge the intent accompanying the act as felonious. The precise question here raised was decided by this court in the case of the State v. Harry Porter, 48 La. Ann. 1539, 21 So. 125, in which it said:

"Indictments for common law offenses must set forth the constituents of the crime; it is not sufficient to follow merely the words of the statute using the common law term of the offense. State v. Read, 6 La. Ann. 228; State v. Cook, 20 La. Ann. 145; State v. Flint, 33 La. Ann. 1288. Nor can there be any question that the felonious intent to ravish and carnally know is essential to the crime of rape. The crime is of the highest order of felonies, and feloniously qualifying 'ravish' it is laid down must be charged in all indictments for such crimes. 2 Archibold Crim. Practice and Pleadings, 304, 307, 312; 2 Bishop, Crim. Proc. 807, 808.

"In this indictment 'feloniously' is used in qualifying the assault, but is not used in qualifying the sentence, ravish, etc. By no rule of construction can we extend the function of this important adverb and make it qualify any act but the assault in connection with which only it is employed. If this construction required any additional support it will be supplied by the precedents for indictments found in all the books of forms, and exacted by all the authorities. The indictments invariably use the adverb twice. i. e., qualifying the assault, and again in qualifying the following acts the substantial elements of the crime, thus: the said A. B. did *feloniously* assault C. D., and her, the C. D., did then and there *feloniously* ravish and carnally know. Archibold, Id.; 2 Wharton's Precedents, p. 186. We have been referred by the State to authorities from other states to support the indictment. We think we must follow our own decisions, as the decisions in other states may be controlled by their legislation. The authorities (State v. Bradford, 33 La. Ann. 921; State v. Sonnier, 38 La. Ann. 962; Carroll v. Succession of Carroll, 48 La. Ann. 963, 20 So. 210; State v. Langford, 45 La. Ann. 1178, 14 So. 181, 40 Am. St. Rep. 277; State v. Cheney, Man. Unrep. Cas. page 394)

we do not think sustain defendant's [State's] contention. Our conclusion is the indictment is defective." (Italics ours.)

Judgment affirmed.