## No. 12,362.

### THE STATE OF LOUISIANA VS. MONROE EVANS.

A verdict of " guilty of breaking " does not respond to the terms and essential in-- gredients of any statute of this State denouncing burglary as a crime.

APPEAL from the Tenth Judicial District Court for the Parish of Rapides.  *Hunter, J.*

*M. J. Cunningham*, Attorney General, and *Phanor Breazeale*, District Attorney, for Plaintiff, Appellee.

*Julius F. Ariail* for Defendant, Appellant.

Submitted on briefs January 23, 1897.
Opinion handed down February 1, 1897.

The opinion of the court was delivered by

WATKINS, J.   The defendant, having been indicted for the crime of burglary of a dwelling house in the night-time and convicted of *breaking*, and sentenced to three years' imprisonment in the State penitentiary at hard labor, prosecutes this appeal, relying on several bills of exceptions relating to the proceedings incident to the trial, a motion for a new trial and one in arrest of judgment.

The principal question, and one which is covered by two bills of exception — one of which relates to an alleged improper instruction to the jury, and the other to the declination of the trial judge to sustain a motion in arrest of judgment—is grounded upon the

verdict of the jury, which is as follows, viz.: " We the jury find the prisoner guilty of breaking." (Signed) "P. S. Jarreau, foreman."

The record shows that after the jury had been charged and had retired to their chamber for deliberation upon their verdict, the judge, upon his own motion, sent for them and gave them an additional instruction to the effect that if the facts justified it, they could find as a verdict " guilty of breaking;" and that the defendant's counsel reserved a bill of exceptions: 1st, to the act of the judge in thus recalling the jury; and, 2d, to the instructions he gave them. It further shows that after the rendition of the verdict defendant's counsel moved to arrest the judgment of the court upon the ground that same "is not responsive to the charge contained in the indictment and is absolutely null and void in that there is no crime or offence known to the law such as ' breaking in the night-time.' "

It further shows that the grounds of exception are fully set forth in the bill of exceptions which defendant's counsel presented to the court, as follows, viz.:

" To which ruling and judgment of the court, defendant ＊ ＊ ＊ excepted, for the reason that the evidence on the trial of this case showed that there was no entrance by the accused ＊ ＊ ＊ into the dwelling house designated in the indictment, either before or after the alleged breaking; which breaking, if any, *was committed in the night-time*, and reserved this his bill of exception," etc.

And it finally shows that the trial judge made the following assignment of reasons for the ruling, namely:

" Whether there was any entrance or not was a matter of fact passed upon by the jury. I thought the verdict correct, and for that reason overruled the motion."

In effect the trial judge held that the verdict was well-grounded in law.

The indictment charges that the defendant " did wilfully, maliciously, feloniously and burglariously, *in the night-time* of the day aforesaid without being armed with a dangerous weapon, *break and enter* the dwelling house of Mrs. S. A. Dawson with the intent to commit murder, and steal and and rob," etc. (Italics ours.)

Comparing the phraseology of the indictment with that of Revised Statutes, Sec. 850, under which the Attorney General says the

indictment was found, we find the following to be the wording of the latter, viz.:

" Whoever, with intent to kill, rob, steal, commit rape, or any other crime, shall *in the night-time break and enter;* or having, with such intent, *entered in the night-time,* break a dwelling house, any person being lawfully therein, and such offender being at the time of such breaking or entering armed with a dangerous weapon, or arming himself in such house with a dangerous weapon, or commit-ting an assault upon any ⸱person lawfully being in such house * * * on conviction shall suffer the punishment of death."

That of Sec. 851 is identical with that of 850, except that it says "without being armed with a dangerous weopon, or without arming himself in such house with a dangerous weapon, and without com-mitting an assault upon any person lawfully being in such house;" and the maximum punishment therefor is imprisonment at hard labor for fourteen years.

That of Sec. 852 is, likewise, identical with that of the latter, except that it is restricted to the breaking and entry into a shop, store, etc.

These three sections are somewhat amplified by that of 854, which declares in general terms that—

" Whoever, with intent to rob, steal, commit a rape or any other crime, shall *in the night-time enter without breaking* or *in the daytime break,* or *enter any dwelling house* or outhouse thereto adjoining and occupied therewith, or any office, shop or warehouse, etc. * * * shall be imprisoned at hard labor not exceeding five years."

The italicized paragraphs of the foregoing sections will direct attention to the salient parts in making a comparison; and they clearly show that the crime of burglary is based upon the act of *breaking and entering in the night-time* a house of some description, except the last one.

And it declares that " whoever, with intent to rob, steal, commit a rape or any other crime, shall *in the night-time enter without break-ing;*" or whoever, with intent to rob, steal, commit a rape *in the day-time, break* or *enter* any dwelling house," etc.

Dividing the section into two parts, corresponding with the two offences denounced, it becomes apparent that the *former* is applicable to the indictment in the instant case, which charges the defendant

with the crime of burglary *in the night-time;* but that the *latter* is not, as it denounces burglary *in the daytime.*

There is no question of the fact that it is an indictable offence under this last section for one to *break* a dwelling house, or any store or shop with the *intent to rob, steal or commit a rape therein, in the daytime;* and that it is equally so to *enter* such a house for such a purpose in the daytime.

But the statute distinctly says " whoever, with intent to rob, steal, commit a rape, or any other crime, shall *in the night-time enter without breaking,*" etc.

But, at all events, there could not be a burglary committed under either section, whether by a breaking *and* entering, or by breaking *or* entering, unless the *act* be accompanied by an *intent* to rob, steal, commit a rape, or some other crime.

The Attorney General has pointed out two decisions upon which he relies as affirming the proposition for which he contends.

In the first one—State vs. Miller, 45 An. 1171—we said: " The defendant was tried and found guilty of burglary without a dangerous weapon."

Again:

" The verdict finds the defendant guilty of a part of the charge, but passes upon the whole by qualifying that the act was committed without a dangerous weapon. * * * In thus limiting their verdict it is brought within the terms of the case of State vs. Morris, 27 An. 481, in which the issue decided is identical with that of the case at bar."

Referring to the case cited we find the statement quoted entirely correct.

The indictment in that case—State vs. Morris—charged that the defendant "did, *with intent to kill, in the night time break and enter* the dwelling house of Charles Coleman," etc., and the verdict of the jury was " guilty of *entering* the dwelling of Charles Coleman *as charged,* but without a dangerous weapon."

The principle decided in those two cases is, in our view, entirely correct, and we adhere to the opinion expressed therein, but they do not support the charge given or the verdict rendered in the instant case. A verdict which finds the defendant " guilty of breaking" does not respond to the terms of our statute. It should have found that the defendant "did feloniously break into a dwelling

house in the night-time," as was done in State vs. Newton, 30 An. 1253.

In State vs. McCort, 23 An. 326, it was held that when an indictment charges a breaking and entering, etc., with intent to steal, the defendant may be convicted of *entering without breaking.*

But it was held in State vs. Disch, 34 An. 1134, that on an indictment for burglary defendant can not be convicted of a trespass.

The crime of burglary is statutory and our own decisions are controlling.

A careful study of the question has satisfied us that the defendant's motion in arrest was good and should have been sustained. The judgment and sentence pronounced must be arrested and the defendant discharged. He can not be put twice in jeopardy.

It is therefore ordered and decreed that the verdict and the judgment and sentence thereon based be annulled and set aside and the defendant discharged from custody.