O'NIELL, J.
The only question in this case is whether the verdict, “we, the jury, find Luke Lissota guilty of burglary as charged,” is responsive to the bill of information, charging him with the crime of breaking and entering a railroad car, with intent to steal. The crime is defined and denounced in section 2 of Act 47 bf 1890. The issue is presented by a bill of exceptions taken to the overruling of a motion in arrest of judgment.
It can hardly be disputed that, if the foreman of the jury, in writing the verdict, had omitted the words “of burglary,” and had thus written the verdict, “We, the jury, find Luke Lissota guilty.as charged,” he would be convicted of breaking and entering a railroad car, with intent to steal. It is contended by the learned counsel for appellant that calling the crime “burglary” makes the verdict invalid, because, under the common-law definition, breaking and entering a railroad car with intent to steal is not burglary, and because the statute (Act 47 of 1890) does not, in terms, declare that breaking and entering a railroad car with intent to steal shall be deemed burglary. The argument is faulty in at least two particulars. In the first place, it ignores the fact that the so-called “burglary,” of which the defendant was convicted, is qualified and explained by the expression in the verdict, “as charged.” In the second place, the argument ignores the notorious fact that, in ordinary law1 phrase, as well as in every-day parlance, the breaking and entering of a railroad car — or of any kind of building — with intent to steal, is called “burglary;” and in that sense the word “burglary” is generally, if not universally, understood. In the bill of information in this ease, the breaking and entering was said to have been done “burglariously.” In the judge’s charge to the jury, he characterized the crime charged as “burglary” of a railroad car. In the statute grading misdemeanors, Act 107 of 1902, section 5 makes mention of larceny “unaccompanied with any one of the several sorts of burglary,” showing that the common-law crime of burglary, being the breaking and entering of the dwelling house of another in the nighttime with intent to commit a felony therein, is not the only sort of burglary known to our law. In 9 O. J. 1009, it is said:
“There is probably no jurisdiction in which statutes are not now in force extending the offense of burglary beyond the common-law definition.”
In Webster’s New International Dictionary, after the common-law definition of burglary, it is said that, in many states the definition of the crime has been variously modified, or statutory crimes of burglary have been created, to cover such offenses committed by day, or the like entering of shops, factories, warehouses, etc. In writing our opinion in the case of State v. Manager, 149 La. 1083, 90 South. 412, where the indictment was for breaking and entering a box car (in violation of Act 47 of 1890), we called the crime “burglary of a box car.” How can we, consistently, find fault with the jury in this case for calling the crime “burglary as charged” "1
Our conclusion is that the verdict in this case was responsive to the accusation made in the bill of information, and was never liable to be misunderstood.
The ruling in State v. Evans, 49 La. Ann. 329, 21 South. 546, cited by appellant’s coun *27 sel, is not appropriate. It was held there that, under an indictment charging burglary of a dwelling house in the nighttime, a verdict of “guilty of breaking” did not respond to the terms or essential ingredients of any statute denouncing burglary as a crime. In State v. Ward, 147 La. 1083, 86 South. 552, the ruling, by a divided court, was that, under a bill of information charging the crime of breaking and entering' a railroad car in the nighttime, a verdict of “guilty of burglary in the daytime” was not responsive. There is no reason to doubt that the ruling would have been different if the verdict had been “guilty of burglary as charged.”
The verdict -and sentence are affirmed.
DAWKINS, J., dissents for the reasons given in State. v. Ward, 147 La. 1083, 86 South. 552.