No. 2956.—STATE OF LOUISIANA v. J. J. McCORT.

In a criminal case, the objection that there was no order of the court authorizing the filing of the information comes too late if only made for the first time in the Supreme Court.

The jury, finding the greater offense charged in the indictment was not committed by the accused, have the right to modify their finding so as to bring in a verdict of guilty of the lesser offense charged.

The revisory legislation of April, 1870, did not repeal, but continued in force all laws which were in existence before, and was continued in the revised act. State v. Brewer, 22 An. 273 Therefore, if an offense had been committed against the law as it stood before the passage of the revisory legislation, but which was not punished until after it passed, and the statute thus violated had been re-enacted in the revisory legislation of 1870, such offense is still punishable, notwithstanding the repealing clause of the revisory act of April, 1870, repeals all laws not contained therein except such as are specially excepted.

Although the general rule is well settled that the right of the accused to be heard by counsel is entitled to the largest latitude, yet, if the question which the judge a quo refuses the counsel of the accused to urge before the jury is one of law alone, which can not prejudice the rights of the accused, whether it be determined one way or the other, then and in such case a new trial will not be granted because the counsel was refused permission by the judge a quo to argue the point to the jury.

APPEAL from the First District Court, parish of Orleans. Abell, J. Simeon Belden, Attorney General, for the State. J. J. Foley, for defendant and appellant.

HOWE, J. The prisoner having been convicted of "entering a dwelling house in the night time without breaking and with intent to steal, and of larceny," and sentenced to imprisonment at hard labor, has appealed. He makes four points in this court:

First—That there was no order of the court authorizing the filing of the information. This objection, made here for the first time, comes too late.

Second—That the verdict of the jury is not responsive to the charge

as set forth in the information. The charge was "breaking and entering a dwelling house in the night time with intent to steal, and larceny." The jury, finding that there was no breaking, had a right to find the verdict they did. The lesser offense was necessarily included in the circumference of the greater one of the same character. 6 An. 286.

*Third*—That the law on which the prosecution was based and under which the defendant was sentenced had not then been promulgated (July, 1870). The law had been in force several years prior to that time, and in the case of State *v.* Brewer, 22 An. 273, we had occasion to decide that the revisory legislation of April, 1870, did not repeal, but continued it in force.

*Fourth*—That the judge *a quo* erred in refusing to permit the counsel of the accused to argue this question of promulgation to the jury. As a general rule, we would be slow to sanction any limitation of the right of the accused to be heard by counsel. But in this case, the point which the counsel desired to argue was so clearly outside the facts and the law of the case that we can not believe the action of the district judge constitutes a sufficient reason for a new trial. There was no error to the prejudice of the accused. It was immaterial whether the revisory legislation of 1870 had been promulgated or not.

Judgment affirmed.