## No. 9853.

### THE STATE OF LOUISIANA VS. SPENCER JORDAN.

Burglary is a statutory offense. An information charging that the breaking and entering into was done wilfully, maliciously and *feloniously*, is not defective for not setting forth that the act was done *burglariously*.

APPEAL from the Twelfth District Court, Parish of Grant. *Blackman*, J.

*M. J. Cunningham*, Attorney General, and *John C. Wickliffe*, District Attorney, for the State, Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The accused moved to quash the information for burglary and larceny filed against him, on the grounds : That it does not charge the essential words to constitute an information for burglary, to wit : *feloniously* and *burglariously* broke and entered the dwelling house in the night time.

The motion was sustained and the information quashed.   The State appeals.

The information does not purport to charge burglary into a *dwelling-house*.  It charges that the defendant did wilfully, maliciously and *feloniously*, and in the night time, break and enter the *corn crib* of March Scott,   *   *   and having so broken and entered, did then and there, wilfully, maliciously and feloniously, one barrel of corn worth one dollar and the property of said March Scott, steal and carry away.

The State says that the information was filed under the provisions of sec. 852, R. S.

That section does not require that the accused be charged with having *burglariously* broken into and entered, etc.

In State vs. Nelson, 30 Ann. 1253, the previous court held that the crime of burglary known to our law, is statutory ; that the statute defines it, and that we must, therefore, look to the statute to ascertain the essential averments of the indictment.

"It is urged, said the Court, that it is not sufficient to charge that the act was "*feloniously*" done ; that the charge should also be that it was *burglariously done.*   *   *   It is sufficient to charge in the language of the statute that the offense had been committed feloniously.   Whar. Cr. L. 399 ; 29 Ann. 602.

It is therefore ordered and decreed, that the judgment appealed from be reversed ; that the motion to quash be overruled and that the case be remanded for further proceedings according to law.