## No. 10,380.

### THE STATE OF LOUISIANA VS. EUGENE FRANK.

An indictment which charges an offender with breaking and entering a store-house, used as a dwelling-house, in which a person was, at the time residing, is equivalent to charging that the offender did break and enter a dwelling-house, a person being lawfully therein; and such indictment contains the essential elements of the crime of burglary, and is, therefore, valid and sufficient.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis, J.*

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*E. P. Veazie* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.   The sole question presented by this appeal, arises on a motion in arrest of judgment filed in the court below, and an assignment of error filed here.  They are to the effect that the indictment does not charge the accused with breaking and entering a house which was at the time *lawfully occupied*, and, therefore, no judgment and sentence could be pronounced thereon for "breaking and entering a dwelling-house in the night time, with intent to kill."

The indictment charges that "on or about the 1st of January, 1889, Eugene Frank, did unlawfully, feloniously, wilfully and burglariously, and with his malice aforethought, in the night time, break and enter a dwelling-house, that is to say, *a store-house used as a dwelling-house in which Adolphe Chachère was then residing*, with intent to kill, being at the time, armed with a dangerous weapon, and   *   *   did then and there commit an assault upon the said Adolphe Chachère, etc."

It was evidently the intention of the grand jury to indict the accused under Section 850 of the Revised Statutes, and the district attorney so framed the bill.  It is so stated in terms, in the judgment of the court below.

It provides that "whoever, with intent to kill   *   *   shall in the night time break and enter   *   *   a dwelling-house, any person being lawfully therein, at the time of such breaking and entering, armed with a dangerous weapon   *   *   *   or committing an actual assault upon *any person lawfully being in such house*, etc."   R. S., Sec. 1850.

Not only does the indictment respond, in substance, to the requirements of the statute, but it does not appear to be susceptible of any other interpretation.

What idea does the phrase "a store-house *used* as a dwelling-house, in which Adolphe Chachére was then residing," mean?   Certainly, that the store-house was, at the time, lawfully occupied by Adolphe Chachére as a dwelling-house.

The indictment further charges that the accused was, *at the time*, armed with a dangerous weapon, "and *then and there committed an assault upon the said Adolphe Chachère*."

Then, the inference is irresistible, that Adolphe Chachère was, at the

time, in the store-house used as a dwelling, and in which he "was then residing."

"The crime of burglary known to our law is statutory," said our predecessors in Newton's case, 30 Ann. at page 1254: "The statute defines it, and we must, therefore, look to the statute to ascertain the essential averments of the indictment."

To this construction we have constantly adhered. *Vide* State vs. Spencer Jordan, 39 Ann. 340.

It has often been held that a statutory offense need not be described in the language of the statute, but that it was *sufficient*, if all of the essential elements of the offense are distinctly and clearly set out " in words of similar import to those employed in the statute—that is, in such words as clearly convey the real meaning of the language used in the statute." State vs. Eams, 39 Ann. 989; State vs. Williams, 37 Ann. 776; State vs. Humphries, 35 Ann. 966; State vs. Hood, 6 Ann. 179.

In the instant case the language which is employed in the indictment is of similar import to that which is employed in the statute, and we think it is entirely sufficient.

Judgment affirmed.