The opinion of the court was delivered by
Breaux, J.
Under an indictment charging the defendant with the crime of burglary, also with larceny in a single count, armed with a dangerous weapon, the defendant was tried and found guilty of burglary without a dangerous weapon.
The counsel for the accused filed a motion in arrest of judgment on the ground that the verdict is not responsive to the indictment.
The motion was overruled.
From the ruling of the district court the defendant appeals.
The verdict finds the defendant guilty of a part of the charge, *1171 but passes upon the whole by qualifying that the act was committed without a dangerous weapon.
Section 850 of the Revised Statutes denounces the breaking or entering into a dwelling house with a dangerous weapon.
The Section 851 of the Revised Statutes provides that if the accused person be not armed, he shall, on conviction, be imprisoned at hard labor not exceeding fourteen years.
The accused was found guilty of part of the charge, and virtually acquitted as to the residue.
In thus limiting their verdict it is brought within the terms of the case of the State of Louisiana vs. Jacob Morris, 27 An. 481, in which the issue decided is identical to that of the ease at bar.
In that case the prisoner was charged under Section 850, Revised Statutes, with having forcibly entered the house in question in the night time, armed with a dangerous weapon with intent to kill.
He was found guilty except that he was not armed with a dangerous weapon.
The court decided that the verdict is responsive to the indictment.
That the two sections, 850 and 851, form but one law.
That under a charge of forcibly breaking into a dwelling, armed with a dangerous weapon, with intent to kill, an accused may be found guilty of having forcibly entered the house in question without being armed with a dangerous weapon.
From the evidence it appears that the defendant has not been guilty to the extent of the charge specified.
That in finding him guilty to the extent the evidence warrants, the offence is within the terms of another statute — so decided in a previous case.
They are offences of the same generic class; the offence found is of an inferior degree to that charged in the indictment against the accused.
The verdict finds all the circumstances constituting the offence under the statutes.
The difference in the penalty of the offences under the sections in question, and the fact that they are separate statutes, does not preclude the possibility of the offences being of the same generic class. State vs. Stouderman, 6 An. 286.
The offence is of an inferior degree, and a minor offence included within the major offence.
*1172 Counsel contends that the verdict is fatally defective, not being responsive to the indictment.
It is true that the defendant is charged with a specific statutory offence, viz., the breaking and entering a certain house, at a time stated, with certain intent.
The crime as denounced is the common law crime of burglary— without a dangerous weapon.
The verdict referred to Section 851 exclusively: “Burglary without a dangerous weapon.”
Larceny is a statutory offence; a verdict of guilty of larceny would be unobjectionable. The same is true of arson and every well defined offence.
Moreover the statute itself characterizes the crime as a burglary.
The jury returned that the accused is guilty of “ such burglary ” as expressed in the statute.
The conclusion of the district judge does not disclose error.
It is therefore ordered that the judgment of the District Court be affirmed with costs.