LAND, J.
 

 The defendants, Willie Johnson, Willie Jackson, Clarence Jackson, and Harry
 
 *989
 
 Scott, were jointly indicted for breaking and entering a store in the nighttime with intent to steal.
 

 Willie Johnson pleaded guilty. Later on he was used by the state as a witness against his codefendants, who were placed on trial together. All of the codefendants were convicted, and each was sentenced to the state penitentiary for a term of three years. The appeal prosecuted by the defendants presents for review seven bills of exceptions.
 

 Bill No. 1.
 

 Willie Johnson, as a witness for the state, testified on direct examination that he and the three codefendants had entered into a conspiracy the day before to burglarize the store of Louis Comeaux on the night of June 7, 1928, as charged in the indictment.
 

 The district attorney then asked the witness the question: “Had you ever been with these men prior to the time you made the agreement?” To this question counsel for defendants objected on the grounds that the evidence sought to be introduced was irrelevant and immaterial, and was an attempt upon the part of an accomplice to testify on mere suspicious circumstances, and not on the material facts of the case. This objection was overruled, and properly so, in our opinion.
 

 It is a familiar doctrine that evidence of preparation is always admissible for the prosecution, and that evidence to explain it away is always admissible for the defense. Under this head fall cases where the evidence shows a repairing to the spot destined to be the scene of crime, and acts done with the view of paving the way to the guilty enterprise. Wharton Crim. Ev. (10th Ed.) § 753, pp. 1499, 1500.
 

 The question of the district attorney was proper in order to show, if he could, the presence of Willie Johnson with the other codefendants at or near the store a short time before the burglary was committed. This was a fact of circumstance to be considered by the jury in connection with the other facts of the ease.
 

 Bills Nos. 2, 3, and 4.
 

 In each of these bills, similar questions were propounded to state witnesses by the prosecuting officer as to the presence of the codefendants in the vicinity of the store burglarized, at dates prior to the commission of the actual burglary. The same objections were offered to these questions by counsel for defendants, and the same ruling was made.
 

 The rule applied under bill No. 1 is equally applicable under these bills. We find no error in the ruling made by the trial judge under the bills in question.
 

 Bill No. 5.
 

 It appears from this bill that Willie Johnson had been shot at the time of the burglary.
 

 When I-Iarry Scott, one of the codefendants, was on the stand as a witness in his own behalf, he was asked on cross-examination by the district attorney: “Was it not a fact that after Willie Johnson got shot you were very solicitous or anxious about his condition?”
 

 This question was objected to on- the grounds that it was immaterial and irrelevant, and that it was new matter about which the defendant Harry Scott had not testified, nor had the state .introduced any evidence along this line in its examination in chief.
 

 It appears, from the per curiam to this bill, that the question asked the witness on cross-examination was intended to discredit the statement, made by him on direct examination, that ill feeling existed between him and Willie Johnson, who had testified on the trial against his codefendants.
 

 The general rule is that the state has no right to cross-examine a witness of the accused on matters not connected with or germane
 
 *991
 
 to the examination in chief. However, this rule is not extended so as to include questions to test the credibility of the witness, for such questions relate to a matter germane to the examination in chief, since the answers to them may affect the weight to be attached to the evidence, of the witness. State v. Dunn, 161 La. 586, 109 So. 56; State v. Garner, 135 La. 746, 66 So. 181; State v. Johnson, 48 La. Ann. 437, 19 So. 476.
 

 In permitting the question to be asked on cross-examination of the accused by the district attorney, the trial judge ruled correctly.
 

 Bill No. 6.
 

 The indictment charges that on June 7, 1928, within the jurisdiction of the Eighteenth judicial district court in and for the parish of Iberville, defendants “did wilfully and feloniously, in the night time, break and enter the store of Louis Comeaux, with intent to steal, contrary to the form of the statute of the State of Louisiana,” etc.
 

 A motion in arrest of judgment was filed by the defendants on tEe ground that the indictment was fatally defective in two particulars:
 

 First. Because the intent to steal was not qualified by the words “burglariously or feloniously.”
 

 Second. Because the words “then and there” were not used in the indictment between the words “intent” and “to steal,” to show time and place in connection with the intent charged.
 

 The indictment, taken as a whole, sufficiently connects the intent to steal with the time and place of the breaking and entering, since but a single specific act of breaking and entering is charged against defendants on the night of June 7, 1928, in the parish of Iberville.
 

 In State v. Fontenot, 161 La. 493, 109 So. 42, the defendant was indicted for rape, “a common-law offense.”
 

 In the Fontenot Case, we reaffirmed State v. Flint, on rehearing, 33 La. Ann. 1292, in which it is stated: “It seems to be no longer an open question in the jurisprudence of this State, that in an indictment under a statute providing a penalty for the commission of a common-law offense, it is insufficient to charge the offense in the statutory terms alone, but all essential averments in an indictment at common law for the same offense will be deemed necessary here. State v. Thomas, 29 La. Ann. 601; State v. Curtis, 30 La. Ann. 814; State v. Cook, 20 La. Ann. 145; State v. Durbin, 20 La. Ann. 408; State v. Kennedy, 8 Rob. 590; State v. Egan, 10 La. Ann. 698; State v. Stiles, 5 La. Ann. 324.”
 

 Counsel for defendants have attempted to apply this rule to the indictment in the present case, which is framed under section 852 of the Revised Statutes, as amended by Act 72 of 1926, and which denounces the crime of breaking and entering a store; etc., in the nighttime, “with intent to rob, steal, commit a rape, or any other crime.”
 

 In State v. Newton et al., 30 La. Ann. 1253, the defendants were indicted under R. S. 1870, § 852, for “feloniously” breaking and entering in the nighttime a dwelling house “with intent to kill.”
 

 It is stated by Justice Spencer in the opinion in the Newton Case: “It is urged that it is not sufficient to charge that the act was ‘feloniously’ done; that the charge should also be that it was ‘burglariously’ done; and we are referred to the authorities showing that at common law such an averment is necessary in an indictment for burglary. As we have seen, the crime of burglary at common law is not known to us by name, as are ‘murder,’ ‘manslaughter,’ ‘rape,’ ‘robbery,’ etc. Our statute itself defines what would at common law be the crime of burglary, and thereby withdraws it from the common-law definitions.
 
 It is sufficient to charge in the language of the statute, and that the offense has
 
 
 *993
 
 Seen
 
 committed ‘feloniously,’
 
 since it is now well settled that it is necessary to charge the commission of all felonies, whether common-law or statutory, as ‘feloniously’ done. See Whart. Crim. Law, § 399; State v. Thomas, 29 La. Ann. 602.” (Italics ours.)
 

 State v. Newton, 30 La. Ann. 1253, is expressly approved by this court in State v. Jordan, 39 La. Ann. 340, 1 So. 655, and in State v. Frank, 41 La. Ann. 596, 7 So. 131; State v. Gulizo, 149 La. 1090, 90 So. 415.
 

 In State v. Curtis, 30 La. Ann. 814, the court committed the error of holding that, in charging bürglary under our statutes, the pleader must conform to the requirements of the common law, ahd allege that the accused “feloniously” or “burglariously” broke and entered with the “felonious” or “burglarious” intent to steal, etc.
 

 The Curtis Case is not mentioned in the case of State v. Newton, 30 La. Ann. 1253, in which it is held that it is sufficient to charge the act of breaking and entering as feloniously done, and the intent in the language of the statute.
 

 In State v. Noel, 125 La. 309, 51 So. 215, cited by defendants, it was held that an information for “the common-law offense of larceny” is insufficient, if it fails to charge that the defendant “feloniously” did steal, take, and carry away the property described. It is well settled that a common-law offense must be charged according to common-law forms. Our statutory crime of burglary, however, does not include the “common-law crime of larceny.”
 

 In State v. Ward, 147 La. 1083, 86 So. 552, cited by defendants, the indictment was for breaking and entering a railroad box car in the nighttime with intent to steal. The sufficiency of the indictment was not attacked in that case, which makes it quite clear, however, that we have not adopted the common-law crime of-burglary in this state.
 

 In State v. Garon, 158 La. 1014, 105 So. 47, cited by defendants, the indictment was attacked on the sole ground that it charged defendant with breáking and entering “a garage” with intent to steal, when no such place was included within the terms of section 852, R. S. 1870, as amended by Act 15 of 1912.
 

 In State v. Meche, 42 La. Ann. 273, 7 So. 573, cited by defendants, the indictment charges the accused with breaking and entering “with the intent to kill.” The validity of the indictment is not assailed in that case.
 

 The best-considered decisions of this court, to which we adhere, hold that, as burglary is a statutory offense, it is not necessary to qualify the intent in the statutes on the subject as “felonious” or “burglarious,” since such words are not used in the statutes themselves. The latest amendment to section 852, R. 8. 1870, is Act 72 of 1926, which declares that: “Whoever, with intent to rob, steal, commit a rape, or any other crime, shall in the nighttime, break and enter into any shop, store,” etc., “on conviction, shall suffer imprisonment at hard labor not exceeding ten years.”
 

 The motion in arrest was therefore properly overruled.
 

 Bill No. 7.
 

 This bill was reserved to the overruling of the motion for a new trial on the ground that the verdict is contrary to the law and the evidence. The complaint that Willie Johnson, an accomplice, was not corroborated in his testimony is a question of fact for the jury, and over which we have no jurisdiction.
 

 The further complaint that the jury ignored the alibi of defendants, although established by the testimony of credible witnesses, involves also a question of fact, to be determined by the jury alone.
 

 The conviction and sentence of each of the defendants are affirmed. \