OVERTON, J.
 

 Defendant was informed against for breaking and ¡entering, in the nighttime, the dwell-' ing house of William Wallace, with the felonious intent to steal, and was convicted of breaking and entering, in the daytime, the dwelling house described in the information, with the felonious intent to steal.
 

 The case presents two bills of exception; one to the overruling of a motion for a new trial, and one to the overruling of a motion in arrest of judgment. Both hills present the same question for review, namely, the responsiveness of the verdict, returned, to the bill of information, the position of defendant being that, upon a charge of breaking and entering a dwelling house in the nighttime, with intent to steal, a verdict cannot be legally returned of breaking and .entering such house, with such intent, in the daytime.
 

 At the outset, it may be said that the word “burglary” does not now occur in our statutes, denouncing offenses against habitations and other premises. In the Act of May 4, 1S05, in section 5 thereof, the word is used, and there the offense of burglary is denounced as a crime, meaning the common-law offense, and the punishment for its commission prescribed. Lislet’s Dig. 1828, p. 362; State v. Stephens, 150 La. 944, 91 So. 349, 23 A. L. R. 286. At present, and perhaps since the passage of the Act of March 20, 1818, page 168, burglary is not, eo nomine, denounced as a crime, but offenses of a kindred nature are denounced, generally speaking, by naming the kind of place broken and entered, or entered without breaking; the time, that is, whether in the daytime or nighttime; the intent; and, in some instances, certain circumstances that are deemed to aggravate the offense. The several offenses of a -kindred nature to the common-law offense of burglary, now denounced by law, may be, perhaps, more correctly designated by naming their chief features than by designating them as burglary.
 

 With these explanatory remarks made, we quote, so far as necessary, for the proper so
 
 *1074
 
 lution of the case, the statutes denouncing the several offenses akin to or including the common-law offense of burglary. Section 850 of the Revised Statutes, as amended and re-enacted by Act No. 21 of 1926, page 23, provides: “Whoever, with intent to kill, rob, steal, commit rape, or any other crime, shall, in the night time, break and enter, or having with such intent, entered in the night time, break a dwelling house, dwelling tent, or any other place used as a dwelling, any person being lawfully therein, and such offender being, at the time of such breaking or entering, armed with a dangerous weapon, or arming himself in such house or tent, or other place used at [as] a dwelling, with a dangerous weapon, or committing actual assault upon any person lawfully being in such house or tent or other place used as a dwelling, * * * on conviction, shall suffer the penalty of death.”
 

 And section 851 of the Revised Statutes, as amended and re-enacted by Act No. 71 of 1926, page 87, provides: “Whoever, with intent to kill, rob, steal, commit rape, or any other crime, shall in the night time, break and enter, or having with such intent entered, shall, in the night time, break a dwelling house or dwelling tent, or other place used as a dwelling without being armed with a dangerous weapon, or without arming himself in such house, tent or dwelling, with a dangerous weapon and without committing an assault upon any person lawfully being in such house, tent or dwelling, * * * on conviction, shall be imprisoned at hard labor not exceeding fourteen years.”
 

 And section S52 of the Revised Statutes, as amended and re-enacted by Act No. 72 of 1926, page 88, provides: “Whoever, with intent to rob, steal, commit a rape, or any other crime, shall in the night time, break and enter into any shop, store, office, * * * or having with such felonious intent entered, shall in the night time break any such house, building, * * * on conviction, shall suffer imprisonment at hard labor not exceeding ten years.”
 

 And section 854 of the Revised Statutes, as amended and re-enacted by Act No. 20 of 1926, page 23, provides: “Whoever, with intent to kill, rob, steal, commit rape, or any other crime, shall, in the night time, enter without breaking, or in the day time, break and enter any dwelling house or out house thereto adjoining and occupied therewith, or any shop, store, * * * on conviction, shall be imprisoned at hard labor not exceeding five years, and fined not exceeding one thousand dollars.”
 

 The several offenses denounced by the foregoing sections of the Revised Statutes, as amended, are generic in character, though they differ in gravity. These sections, or statutes, may be regarded as including a grading of the offense of breaking and entering, or, perhaps, more strictly, of entering a dwelling house or other place with a certain criminal intent. Therefore, if the indictment charges the offense of breaking and entering a dwelling house in the nighttime with the felonious intent to steal, which is the case before us, and the evidence fails to show that the breaking and entering, though done with such intent, was in the nighttime, as provided in section 851 of the Revised Statutes, a verdict may be returned for the lessor offense of breaking and entering the dwelling house in the daytime with such intent. This view finds support in the cases of State v. McCort, 23 La. Ann. 326; State v. Morris, 27 La. Ann. 480; State v. Anselm, 43 La. Ann. 195, 8 So. 583; State v. Miller, 45 La. Ann. 1170, 14 So. 136; State v. Barber, 167 La. 635, 120 So. 33.
 

 We have examined the cases of State v. Johnson, 35 La. Ann. 842 and State v. Evans,
 
 *1076
 
 49 La. Ann. 331, 21 So. 546, cited by defendant, but fail to find them pertinent here. We have also examined the cases of State v. Behee, 17 Kan. 402 and State v. Copenhayer, 35 Mont. 342, 89 P. 61, also cited by defendant, but do not find them controlling here.
 

 For these reasons, the verdict and the sentence appealed from are affirmed.