BOGEBS, J.
 

 Defendant was convicted and sentenced on an information charging that on April 12, 1931, he did, “wilfully, feloniously and unlawfully, break and enter, in the night time, the dwelling house of Leona Lynn, with felonious- and unlawful intent, then and there, to assault and beat the said Leona Lynn,” etc. Before he was sentenced, defendant filed a motion in arrest of judgment on the grounds: “That the bill of information fails to set out. the essential elements of burglary and for the further reason that said bill of information sets out no crime that is denounced under Be-vised Statutes number 851, as amended by Act 71 of 1926 of the Legislature of Louisiana.” The motion was overruled and a bill of exception reserved. No other bill of exception is presented, and the only question to be determined on this appeal is whether the trial judge erred in overruling defendant’s motion in arrest of judgment.
 

 Counsel for appellee suggest in their brief that the appeal should be dismissed, because the bill of exception was signed after the trial judge had lost jurisdiction. Defendant was convicted on October 8, 1931; the motion in arrest was filed in open court on October 10, 1931, tried, overruled, and a bill of exception reserved; sentence was imposed on October 10, 1931; the trial judge granted an order of appeal in chambers on October 13, 1931, which order was filed in the office of the clerk of court on October 15, 1931; and the bill of exception was filed in the clerk’s office on October 14,1931.
 

 It is true that in criminal cases, bills must be presented to and signed by the judge before an appeal is taken. State v. Barrett, 137 La. 535, 68 So. 945; Code Cr. Proc. arts. 542, 543.
 

 But a bill of exception is required only to the alleged erroneous ruling of the trial judge on a purely incidental question arising during the progress of the cause, and not patent on the face of the record. Code Cr. Proc. art. 498 et seq. Hence, the ruling
 
 *159
 
 of the trial judge denying the motion in ar•rest is open to our consideration, without the necessity of a formal bill, since the motion in arrest is founded on alleged errors of law patent on the face of the record. State v. Louviere, 169 La. 109, 124 So. 188.
 

 Defendant was charged with burglary under section 851 of the Revised Statutes, as amended by Act No. 71 of 1926, and the narrow question presented for decision is whether the charge is for a statutory offense or for a common-law offense denounced in the Crimes Act of 1805. If the offense is a common-law one, the motion in arrest is well founded. On the other hand, if the offense is a statutory one, the essential elements of the crime are to be found in the statute, and the motion in arrest was properly denied.
 

 Under our law, burglary is a statutory offense and not a common-law offense. State v. Johnson, 167 La. 986, 120 So. 620; State v. Eiserloh, 172 La. 1071, 136 So. 55.
 

 The contention presented here was inferentially presented in State v. Eiserloh, supra. In that case, the contention was that a conviction of breaking and entering in the daytime would not be sustained on a charge of breaking and entering in the nighttime. This court, however, sustained the conviction, although entering a dwelling at night was one of the ingredients of burglary as defined at common law. The court said in its opinion, at page 1072 of 172 La., 136 So. 55, 56:
 

 “At the outset, it may be said that the word 'burglary’ does not now occur in our statutes, denouncing offenses against habitations and other premises. In the Act of May 4, 1805, in section 5 thereof, the word is used, and there the offense of burglary is denounced as a crime, meaning the common-law offense, and the punishment for its commission prescribed. Lislet’s Dig. 1828, p. 362; State v. Stephens, 150 La. 944, 91 So. 349, 23 A. L. R. 286. At present, and perhaps since the passage of the Act of March 20, 1818, page 168, burglary is not eo nomine, denounced as a crime, but offenses of a kindred nature are denounced, generally speaking, by naming the kind of place broken and entered, or entered without breaking; the time, that is, whether in the daytime or nighttime; the intent; and, in some instances, certain circumstances that are deemed to aggravate the offense. The several offenses of a kindred nature to the
 
 common-law offense of
 
 burglary, now denounced by law, may be, perhaps, more correctly designated by naming their chief features' than by designating them as burglary.”
 

 With these explanatory remarks, the court then refers to the statutes denouncing the several offenses akin to or including the common-law offense of burglary. These statutes are sections 850, 851, 852, and 854 of the Re-' vised Statutes, as amended and re-enacted by Acts Nos. 21, 71, 72, and 20 of 1926. After quoting pertinent provisions of the statutes, the court states that the several offenses denounced by them are generic in character, though differing in gravity; and that they may be regarded as including a grading of the offense of breaking and entering, or, perhaps, more strictly, of entering a dwelling house or other place with a certain criminal intent.
 

 Section 851 of the Revised Statutes, as amended by Act No. 71 of 1926, under which the defendant is being prosecuted, reads in part as follows, viz.:
 

 
 *161
 
 “Whoever, with intent to kill, rob, steal,' commit rape, or any other crime, shall in the, night time, break and enter * * * a dwelling without being armed with a dangerous weapon, or without arming himself in such house * * * with a dangerous weapon and without committing an assault upon any person lawfully being in such house, * * * on conviction, shall be imprisoned at hard labor,” etc.
 

 The defendant argues that in a prosecution for burglary it is essential ■ that the breaking and entering be done with the intent to commit a crime, which in law is a felony ; and that since the bill of information ■ on which he is being prosecuted sets out that he broke and entered with the intention to assault and beat, which is under the law a misdemeanor, the bill fails to set out any crime denounced by Rev. St. § 851, as amended by Act No. 71 of 1926, or by any other, law of the state. Defendant relies on the case of State v. Meche, 42 La. Ann. 273, 7 So. 573, as supporting his argument.
 

 The state, on its part, argues that the words “or any other crime,” used in section 851 of the Revised Statutes, as amended by the Act No. 71 of 1926, only required that the breaking and entering be with the intent to commit any crime denounced by law— whether it be a felony or a misdemeanor.
 

 There was no contention in the case of State v. Meche, relied on by defendant, that the indictment failed to charge that the entry was with the intention of committing a felony. On the contrary, the charge was that the defendants broke into the house of the prosecuting witness with the intent to kill. Defendants sought to introduce testimony explaining their intention in going to the house and the motives which prompted their entry as a means of negativing the intent charged in the indictment. But the trial judge excluded the testimony. This court held that the ruling was erroneous. The state having charged that the entry was with the intent to kill, it was bound by the allegation,, and could not show that the entry was with any other intention. And the defendants had the right to introduce testimony to rebut the state’s contention that the entry was with the intention of killing. The court having reached and announced this conclusion, could have rested its decision there. But it entered into an unnecessary and a somewhat elaborate discussion of the essential ingredients of a' charge of burglary at common law, and seems to have reached the conclusion that the same ingredients are necessary for the' validity of an indictment under the sections of the Revised Statutes denouncing various degrees of breaking and entering. The court in its reasoning wholly overlooked the distinction which has been made by this court in later decisions that our statutory law itself defines what would at common law be the crime of burglary, and thereby withdraws it from the common-law definitions. So far as the decision conflicts with the ruling in the later decisions, which-is now reaffirmed, it must be overruled.
 

 The language of the statute virtually answers defendant’s argument. The statute not only enumerates certain crimes which must be alleged and shown, that an offender entered with the intent to commit, but also by using the words “or any other crime” after the offenses specifically mentioned, it makes the breaking and entering to commit any crime
 
 *163
 
 whatever a. criminal offense. And this is so whether the crime that an offender intends to commit is a felony or a
 
 misdemeanor
 
 — a criminal offense being an offense against the state, including both felonies and misdemeanors. 16 O. J. p. 52, citing State v. Thibodeaux, 48 La. Ann. 600, 19 So. 680. And the statute, itself, specifically mentions stealing as one of the crimes that may be alleged and shown an offender entered with the intention to commit; and stealing is a felony or misdemeanor according to the grade of the offense charged.
 

 The different grades of the crime of burglary are denounced in each of the four sections of the Revised Statutes hereinabove referred to. In order to arrive at the meaning of any one of the sections, the other sections must be consulted. In doing this, we find that section 851 is identical with section 850, except that the latter section says, “being, at the time of such breaking or entering, armed with a dangerous weapon, or arming himself * * * with a dangerous weapon, or committing actual assault upon any person lawfully being in such house.” The punishment fixed in section 850 is death, and the punishment fixed in section 851 is imprisonment at hard labor not exceeding fourteen years.
 

 An offender is amenable to prosecution and punishment under section 850, if he commits an actual assault upon any of the inmates of the house which he breaks and enters. And he is amenable to prosecution and punishment under section 851 if he breaks and enters with the intent of committing an assaiilt on one or more of the inmates of the house, but does not, in fact, commit any assault whatever. In other words, if an offender enters a dwelling house with the intent of committing an assault and does commit the assault, he is guilty of violating section 850 of the Revised Statutes, which is a capital offense. But if he enters the house with the intent of committing an assault and does not do so, he is-guilty of the lesser offense denounced by section 851 of the Revised Statutes, which is a penitentiary offense.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.
 

 ST. PAUL, J., dissents (see Rev. Stat. § 852).