**179 So. 452**

**STATE v. WILLIAMS.**

**No. 34711.**

Feb. 7, 1938.

Rehearing Denied March 7, 1938.

Emile A. Carmouche, Jr., of Lake Charles, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and C. V. Pattison, Dist. Atty., and Coleman D. Reed and John H. Martin, Asst. Dist. Attys., all of Lake Charles, for the State.

ROGERS, Justice.

Henry Williams was indicted for cutting with intent to murder while attempting to perpetrate the crime of burglary. He was found guilty without capital punishment of the charge laid in the indictment and was sentenced to life imprisonment in the penitentiary. This appeal is by defendant from his conviction and sentence.

The record contains seven bills of exception reserved by defendant during the course of the trial and before sentence.

Bill No. 1 is abandoned. Bills Nos. 2 and 3 are discussed together as are bills Nos. 4, 5, and 6. Bill No. 7 was reserved to the refusal of the trial judge to grant a new trial and is predicated on the objections embodied in the other bills of exception.

Bill No. 2 was taken by the defendant, because the trial judge overruled his objection to the following portion of the written charge to the jury, viz.:

"Burglary is a term used in law which includes all forms of breaking and entering" and

" * * * Now I charge you under the law that if it is shown by the evidence that the breaking and entering was done in the daytime instead of the nighttime, it is immaterial. * * *"

Bill No. 3 was reserved by the defendant to the refusal of the trial judge to give the jury the following special charge, viz.:

"It is an essential element in the crime of burglary that the offense be committed in the night. There is no crime known to the laws of this State as burglary in the daytime. The offense of breaking and entering in the daytime is a distinct offense and is not burglary."

The evidence presented to the jury showed, and the jury so found, that the alleged crime of defendant was committed in the daytime and not in the nighttime.

The trial judge, in his per curiam attached to Bill No. 2, states that under his interpretation of the statute the term "burglary" as used therein includes all forms of breaking and entering; and that as the evidence showed the breaking was done in the daytime, he included breaking in the daytime in his charge. For the same reason, as set out in his per curiam attached thereto, the trial judge refused defendant's requested special charge referred to in bill No. 3.

Defendant argues that the rulings of the trial judge are erroneous, because breaking and entering in the nighttime and breaking and entering in the daytime are distinct offenses; that it is the former and

not the latter offense that is defined as burglary.

█ Under our law, burglary is a statutory offense and not a common-law offense. State v. Frank, 41 La.Ann. 596, 7 So. 131; State v. Johnson, 167 La. 986, 120 So. 620; State v. Eiserloh, 172 La. 1071, 136 So. 55; State v. Snowden, 174 La. 156, 140 So. 9.

█ The term "burglary," under the established jurisprudence of this state, is generic and is used in describing or referring to the several forms of breaking and entering denounced by sections 850, 851, 852, and 854 of the Revised Statutes, as amended and re-enacted by Acts Nos. 21, 71, 72, and 20 of 1926. State v. Ward, 147 La. 1083, 86 So. 552; State v. Eiserloh, 172 La. 1071, 136 So. 55; State v. Snowden, 174 La. 156, 140 So. 9.

These sections of the Revised Statutes, as amended, specifically define and describe the different kinds of burglary, fixing distinct and varying penalties therefor, depending upon whether the building burglarized is a dwelling or other structure and also depending on whether the accused was armed or unarmed, or whether the offense was committed in the day or at night. State v. Ward, 147 La. 1083, 86 So. 552.

█ In State v. Anselm, 43 La.Ann. 195, 8 So. 583, it was expressly held by this court that section 854 of the Revised Statutes denounces two distinct crimes of burglary, viz.: "An entry in the nighttime without breaking; and breaking or [and] entering in the day-time."

And in State v. Eiserloh, 172 La. 1071, 136 So. 55, this court held that where an indictment charges the offense of breaking and entering a dwelling house in the nighttime with the felonious intent to steal and the evidence fails to show that the breaking and entering, though done with such intent, was in the nighttime, a verdict may be returned for the lesser offense of breaking and entering the dwelling house in the daytime with such intent, as provided in section 854 of the Revised Statutes, as amended.

█ We find no error in the rulings of the trial judge.

Defendant's other complaint is embodied in bills of exception Nos. 4, 5, and 6.

Bill No. 4 is predicated on defendant's contention that the following portion of the charge to the jury is not a correct statement of the law, viz.:

"The next element of the offense is that the cutting was done with intent to murder. In other words, gentlemen, that the cutting was done under such circumstances that had the wound proven fatal and the man cut had died, the offense would have been murder instead of some lesser offense."

Bills Nos. 5 and 6 were taken to the refusal of the trial judge to specially charge the jury that the gravamen of the crime of cutting with intent to murder lies in the intent with which the cutting is done, and that the jury must be satisfied beyond a reasonable doubt that the accused had a positive intent to commit murder. That a mere intentional cutting

does not constitute cutting with intent to murder while attempting to perpetrate a burglary; that to convict the defendant of such an offense it was incumbent upon the state to prove beyond a reasonable doubt that the cutting was not merely intentional, but also that it was done with the specific intent to murder while the defendant was attempting to perpetrate burglary with a specific intent to commit the burglary.

In considering these bills, it is necessary to consider the charge of the trial judge as a whole. An examination of the charge discloses that it fully covers every element of the crime of cutting with intent to murder as well as the aggravating circumstance that the cutting was done in an attempt to perpetrate a burglary.

The trial judge charged that the burden was upon the state to prove beyond a reasonable doubt that the cutting was done feloniously and with malice aforethought. He also charged that the burden was upon the state to prove beyond a reasonable doubt that the cutting was done in an attempt to perpetrate a burglary, the elements of which he correctly explained, as the term is defined and used under our law.

We find no merit in defendant's complaints. The charge as given by the trial judge was sufficient.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

HIGGINS, J., absent.

O'NIELL, Chief Justice (dissenting).

Section 790 of the Revised Statutes, as amended by Act No. 24 of 1882, which makes it a capital offense to shoot, stab, cut, strike, or thrust any person with a dangerous weapon with intent to commit murder, while committing or attempting to commit the crime of burglary, has reference only to the crime of burglary, as defined either in the common law or by the statutes of this state, which means breaking and entering in the nighttime, not breaking and entering in the daytime.

The crime of breaking and entering is not burglary, under the common law, unless it is committed in the nighttime. Ballentine's Law Dictionary, 178; Black's Law Dictionary, verbo Burglary; Wharton's Criminal Law, 7th Ed., vol. 2, p. 302, § 1531; Russell on Crimes, 6th Ann.Ed., vol. 1, 786; 4 Blackstone's Com. 227; 4 R.C.L. 415; State v. Ward, 147 La. 1083, 86 So. 552.

There is no such crime as burglary, under any statute of this state, unless the breaking and entering is done in the nighttime. In every instance where a statute of this state calls the breaking and entering of a house "burglary," it refers to breaking and entering in the nighttime. And in every statute that denounces the crime of breaking and entering in the daytime, the crime is merely defined and denounced as a crime, and the penalty is prescribed, without calling the crime burglary.

This capital crime, of which the defendant was accused, was provided against by section 7 in the Crimes Act, called, "An

Act Relative to Crimes and Offenses," being Act No. 120 of 1855, p. 130. Section 7 was copied, verbatim, as section 790 of the Revised Statutes of 1870. The only change that has been made in the law is the addition of the words "cut, strike," which were added by the amending act, Act No. 24 of 1882, after the word "stab."

The several different crimes of "breaking and entering" were provided against in sections 51, 52, 53, and 55 in the Crimes Act of 1855; and these sections were copied, verbatim, as sections 850, 851, 852, and 854, respectively, in the Revised Statutes of 1870. Sections 51, 52, and 53 of the act of 1855, being, respectively, sections 850, 851, and 852 of the Revised Statutes of 1870, refer to breaking and entering in the nighttime, and in every one of these sections the crime is called burglary. Section 55 of the act of 1855, which became section 854 of the Revised Statutes of 1870, provides against breaking and entering in the daytime, or entering without breaking in the nighttime; but the crime is not called burglary in either case.

Section 850 of the Revised Statutes was amended by Act No. 21 of 1926, and in the amending act the crime is called burglary. Section 851 of the Revised Statutes was amended by Act No. 71 of 1926, and in the amending act the crime is called burglary. Section 852 of the Revised Statutes was amended by Act No. 72 of 1926, and in the amending act the crime is called burglary. All of these statutes refer to breaking and entering in the nighttime. But in section 854 of the Revised Statutes,

as amended by Act No. 20 of 1926, which refers to the crime of breaking and entering in the daytime, or entering without breaking in the nighttime, the crime is not called burglary.

I do not see how it is possible for the Legislature to have had in mind that the crime of burglary might be committed in the daytime, at the time when the Legislature adopted section 7 of the act of 1855, denouncing as a capital crime the crime of which the defendant in this case was accused, or when the Legislature copied section 7 of the act of 1855, as section 790 of the Revised Statutes of 1870, or even when the Legislature amended this section by Act No. 24 of 1882.

The decisions cited in the prevailing opinion in this case do not impress me as being opposed to my opinion on this subject. For example, in State v. Frank, 41 La.Ann. 596, 7 So. 131, the "breaking and entering" which was called "burglary" was committed in the nighttime, and was that which is called "burglary" in section 850 of the Revised Statutes. In State v. Anselm, 43 La.Ann. 195, 8 So. 583, the "breaking and entering" denounced in section 854 of the Revised Statutes was referred to, indifferently, as one of the varieties of the crime of "burglary," but there was no question before the court as to whether the crime should be called "burglary." In State v. Ward, 147 La. 1083, 86 So. 552, the defendant was charged with the crime of breaking and entering a box car in the nighttime, with intent to steal, and was found "guilty of burglary in the daytime."

This court declared the verdict invalid, and set it aside, on the ground that there was no such crime as burglary in the daytime. After quoting the common-law definition of burglary, the court said: "On the other hand, if we are to depend upon any statutory definition of burglary, where is it to be found?" In State v. Johnson, 167 La. 986, 120 So. 620, the crime of breaking and entering which the court dealt with was committed in the nighttime, and was denounced as burglary in section 852 of the Revised Statutes, as amended. In State v. Eiserloh, 172 La. 1071, 136 So. 55, 56, the defendant was charged with the crime of breaking and entering a dwelling house in the nighttime, and was found guilty of breaking and entering in the daytime; and, as the court remarked, the only question presented was "the responsiveness of the verdict." It was held that the verdict was responsive.

I concede that the crime of burglary, in its various forms or degrees, like the other forms and degrees of the crime of breaking and entering, is a statutory crime in this state. But there was no statutory crime called burglary, unless committed in the nighttime, at the time when the crime of which this defendant was accused was made a capital offense, by section 7 of Act No. 120 of 1855, or when the law was retained as section 790 of the Revised Statutes of 1870, or when it was amended by Act No. 24 of 1882.

For these reasons, I respectfully dissent from the prevailing opinion in this case, with reference to bills of exception No. 2 and No. 3.