**25 So.2d 535**

**STATE v. LESTER.**

**No. 38080.**

Feb. 11, 1946.

Rehearing Denied March 18, 1946.

George Wesley Smith, of Monroe, and Robert H. Wimberly, of Arcadia, for defendant and appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Fred L. Jackson, Dist. Atty., of Homer, and Wayne Stovall, Asst. Dist. Atty., of Jonesboro, for appellee.

HAWTHORNE, Justice.

The bill of information filed in this case on October 3, 1945, charges that defendant, Joe P. Lester, on or about the 9th day of December, 1939, "did then and there wilfully and unlawfully in the night time and with felonious intent to steal, feloniously break and enter the store of one W. E. Barron, Bienville Parish, Louisiana * * *." On October 17, 1945, defendant was tried on said charge, adjudged guilty, and was thereafter sentenced by the court to serve a term of nine years at hard labor in the state penitentiary. From this conviction and sentence he has appealed.

During the trial of the case four bills of exception were reserved, but Bills Nos. 2 and 3 have been abandoned in brief and in argument before this court as being without merit and need not be considered.

### Bill of Exception No. 1.

Defendant through counsel filed in the lower court a plea of prescription of one year against any prosecution under said bill of information. The district judge overruled this plea, to which ruling the defendant objected and reserved this bill.

The crime with which defendant was charged was alleged to have been committed on December 9, 1939. Defendant, Joe P. Lester, was arrested on or about January 5, 1940, and on the same day he escaped from the sheriff, absconded, and became a fugitive from justice. On the 19th day of March, 1940, the grand jury of Bienville Parish returned an indictment against this defendant, Joe P. Lester, together with Lonnie Martin and Ernest Lester. This indictment bears No. 2860 on the docket of the district court of that parish, charging that they did, on the 9th day of December, 1939, "in the night time and with the felonious intent to steal, feloniously break and enter the *store house* of one W. E. Barron, Bienville Parish, Louisiana * * *." (Italics here and elsewhere are ours.)

The defendant Lester remained a fugitive from justice from the time of his escape until August 24, 1945, at which time he was returned to Bienville Parish for trial, having been arrested in Alabama.

On September 27, 1945, the defendant, Joe P. Lester, filed a motion to quash the bill of indictment returned by the grand jury on the ground that the indictment did not charge him with any crime under the laws of the State of Louisiana. The indictment charged the defendant with breaking and entering a "store house," contrary to the provisions of Section 852 of the Revised Statutes, as amended by Act No. 72 of 1926. Defendant contends that this section of the Revised Statutes did not make it a crime to break and enter a "store house" although it did make it an offense to break and enter a "store." This motion was tried and overruled by the district

judge on the same day on which it was filed, that is, September 27, 1945.

Notwithstanding the fact that the trial judge overruled this motion to quash, the district attorney entered a nolle prosequi against all defendants named in the bill of indictment, the nolle prosequi as to this defendant, Joe P. Lester, being entered on October 3, 1945. On the same day on which the nolle prosequi was entered to the indictment, the district attorney filed a bill of information against this defendant, Joe P. Lester, and this is the bill under which he was subsequently tried and convicted.

Defendant through counsel filed the plea of prescription of one year against any prosecution under said bill of information. This plea was by the court overruled, and defendant excepted to this ruling and reserved the bill here under consideration.

The bill of information, after charging the offense as having been committed on the 9th day of December, 1939, in Counts 2 and 3 negatives prescription in the following language:

"Second Count: And the said Fred L. Jackson, District Attorney of the Parish of Bienville, who in the name and by the authority of the State of Louisiana, prosecutes, in its behalf, in proper person comes into the Second Judicial District Court for the Parish of Bienville, in the Parish of Bienville, and gives the said Court to understand and be informed that although more than One (1) year has elapsed since the commission of the aforesaid offense, in the manner and form as aforesaid, yet, heretofore, to-wit: That the

said Joe P. Lester absconded on the 5th day of January, 1940, and was and remained a fugitive from justice until the 24th day of August, 1945, and that One (1) year has not elapsed since the said Joe P. Lester has been a fugitive from justice * * *.

"Third Count: And the said Fred L. Jackson, District Attorney of the Parish of Bienville, who in the name and by the authority of the State of Louisiana, prosecutes, in its behalf, in proper person comes into the Second Judicial District Court for the Parish of Bienville, in the Parish of Bienville, and gives the said court to understand and be informed that although more than One (1) year has elapsed since the commission of the aforesaid offense, in the manner and form aforesaid, yet, heretofore, to-wit: *On the 19th day of March, 1940, a Bill of Indictment was returned by the Grand Jury of the Parish of Bienville, State of Louisiana, the said Indictment then returned being predicated on the same facts and form the basis of the present Bill of Information, and said Bill of Indictment was Nolle Prosequi on the 3rd day of October, 1945, and more than One (1) year has not elapsed since the entry of the said Judgment of Nolle Prosequi * * *.*"

Counsel for defendant take the position that the bill of indictment against this defendant found by the grand jury of Bienville Parish, which indictment the district court refused to quash and set aside but which was subsequently nolle prosequied by the district attorney on October 3, 1945, did not charge defendant with any crime

under the laws of this state, in that it charged him with breaking and entering a "store house," which was not made a crime by Revised Statutes, Section 852, as amended by Act No. 72 of 1926, for the reason that the breaking and entering of a store house is not denounced therein, and that, said indictment being invalid, it did not have the effect of interrupting the prescription of one year, as provided by Act No. 323 of 1942, amending Article 8 of the Code of Criminal Procedure, which provides that: "No person shall be prosecuted, tried or punished for any offense, murder, arson, rape, robbery and counterfeiting excepted unless the indictment, presentment or information for the same be found, exhibited or filed * * * within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction * * *."

Article 8 of the Code of Criminal Procedure, as amended by Act No. 323 of 1942, being the law which is applicable to this case, reads as follows:

"Art. 8. No person shall be prosecuted, tried or punished for any offense, murder, arson, rape, robbery and counterfeiting excepted unless the indictment, presentment or information for the same be found, exhibited or filed * * * within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction * * *.

"Provided, that in all criminal prosecutions an indictment or presentment found or exhibited, or an information filed * * * before the above prescription has accrued, *shall have the effect of interrupting such prescription;* and if any such *indictment,* presentment, information * * * be quashed, annulled or set aside, *or a nolle prosequi be entered,* prescription of one year and six months, respectively, as above provided, shall begin to run against another indictment, information * * * *based on the same facts,* only from the time that said original indictment, presentment, information * * * was quashed, set aside, annulled or *nolle prosequied.*

"In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information, * * * it shall be the mandatory duty of the District Attorney to enter a nolle prosequi, if the accused has not been tried, and if the District Attorney fail or neglect to do so, the Court may on motion of the defendant or his attorney cause such nolle prosequi entered the same as if entered by the District Attorney, Provided that if at any time during said three or two year periods, respectively, the offender is a fugitive from justice, such prescriptive period shall be suspended and shall recommence to run only from the date said offender is captured or surrenders."

In our jurisprudence there are cases which hold that an indictment or information which is nolle prosequied, quashed, annulled, or set aside by the district court or an appellate court will not have the effect of interrupting the prescription of one year.

In State v. Baker, June, 1878, 30 La.Ann. 1134, the crime was alleged to have been

committed on June 7, 1871, and an indictment was found by the grand jury in October of that same year. A motion to quash was filed by the defendant, whereupon a nolle prosequi was entered by the State on April 22, 1874. On the same day the defendant was again indicted for the same offense. Another motion to quash was filed, and a nolle prosequi was entered to the second indictment in October of 1875. Immediately thereafter a third bill was found, and under this indictment a conviction was obtained. This court stated that, when the motion to quash the second indictment was made, the State again entered a nolle prosequi, this time solely because the prosecuting officer was satisfied that the motion would be sustained, and hence we held that the nolle prosequi was a voluntary abandonment of the prosecution, and that the plea of prescription of one year, interposed by the prisoner, was effectual for his protection.

In State v. Curtis, July, 1878, 30 La. Ann. 1166, the crime was alleged to have been committed on September 27, 1876. Within one year a bill of information was filed against the accused, under which he was tried and adjudged guilty. On appeal to this court, the conviction was set aside and the prosecution dismissed for defects in the information. Thereupon another information was filed on April 20, 1878, more than one year after the date of the alleged offense. To this bill of information the defendant filed a plea of the prescription of one year, which was overruled by the lower court. Upon appeal this court set aside the conviction and maintained the plea of pre-

scription, holding that a criminal prosecution and conviction based on a fatally defective information or indictment did not interrupt prescription of one year as to the crime charged.

We held in State v. Morrison, March, 1879, 31 La.Ann. 211, that, when a conviction is set aside as an absolute nullity by this court, the defendant cannot subsequently be indicted and tried for the same offense unless another indictment is found within one year from the time the crime is alleged to have been committed, and that a criminal prosecution which has been declared a nullity does not interrupt prescription.

The case of State v. Vines et al., October, 1882, 34 La.Ann. 1073, cited the cases of State v. Baker, State v. Curtis, and State v. Morrison, and reaffirmed the principles of law therein announced and laid down.

In State v. Precovara, March, 1897, 49 La.Ann. 593, 21 So. 724, the district court sustained a plea of prescription of one year and dismissed the prosecution, from which judgment the State appealed to this court. On the trial of the plea of prescription in the lower court, it was proved by the State that an indictment had been found within one year but had been quashed upon motion made by defendant. The district attorney had then filed a bill of information, which bill charged the offense as having been committed more than a year previous to its filing. This is the bill to which defendant interposed the plea of prescription of one year, which plea was sustained by the lower court. This court

found that more than a year had elapsed from the date on which it was alleged in the information that the crime had been committed to the date the information was filed, and affirmed the judgment of the lower court, stating that "This court has decided in a number of cases that a prior prosecution upon a fatally defective indictment does not interrupt prescription", and cited with approval the cases of State v. Morrison, State v. Baker, and State v. Curtis, all cited supra.

All of these cases were decided under the provisions of Section 986 of the Revised Statutes or its amendment, Act No. 50 of 1894. This section was again amended by Act No. 73 of 1898, and for the first time there was incorporated therein a provision to the effect that in all criminal prosecutions for any crime or offense an indictment found or an information filed before the prescription has from any cause accrued shall have the effect of interrupting prescription, and that, if such indictment or information be quashed, annulled, or set aside, or *a nolle prosequi entered,* prescription shall begin to run against another information or indictment, based on the same facts, only from the time that the original indictment or original information was quashed, annulled, or set aside, or a *nolle prosequi* entered.

This provision with reference to the interruption of prescription by the filing of a bill of indictment or information is also contained in the only subsequent amendment to Section 986 of the Revised Statutes, that is, Act No. 67 of 1926; and a provision to this same effect is now found

in Act No. 323 of 1942, which act amended and reenacted Act No. 21 of the Second Extra Session of 1935, entitled "An Act to amend and re-enact Article 8 of the Code of Criminal Procedure of the State of Louisiana." This article, as thus amended, is the law applicable to this case.

The Legislature, taking cognizance of this line of jurisprudence, adopted Act No. 73 of 1898, amending Section 986 of the Revised Statutes, and thereby changed the prior existing law on this subject, and hence the above cited cases are no longer authority for the principles of law laid down therein and set out hereinabove. This change was recognized in the case of State v. Gibson, 108 La. 464, 32 So. 332, 333. That case also involved the plea of prescription of one year and recognized the holdings in the hereinabove cited cases insofar as the facts in that case were involved. And, after taking cognizance of the propositions of law as announced by the cited cases, we said:

"This case has been considered, and properly so, from the standpoint of the law and jurisprudence existing at the date of the commission of the offenses with which the accused stood charged. That date was, as we have seen, the 9th of June 1898.

"A month later, to wit:—on July 11, 1898, an act of the general assembly [Act No. 73 of 1898] was approved, which makes a decided change in the law relating to the effect to be given to indictments—even *void indictments—in the matter of the interruption of prescription.*"

In the instant case, on the trial of the plea of prescription in the lower court, the State introduced and filed in evidence the indictment returned by the grand jury on March 19, 1940, in Case No. 2860, which indictment charged this defendant with the crime of breaking and entering a "store house" of one W. E. Barron on the 9th day of December, 1939. In the third count of the bill of information under which the defendant was convicted and sentenced, the following allegations are made: "On the 19th day of March, 1940, a Bill of Indictment was returned by the Grand Jury for the Parish of Bienville, State of Louisiana, the said Indictment then returned being predicated on the same facts and form the basis of the present Bill of Information, and said Bill of Indictment was Nolle Prosequi on the 3rd day of October, 1945, and more than One (1) year has not elapsed since the entry of said Judgment of Nolle Prosequi * * *."

The crime in this case was alleged to have been committed on December 9, 1939, and, since the indictment in Case No. 2860, charging the defendant with said crime, was returned on March 19, 1940, it was found and filed before the prescription of one year had accrued and therefore had the effect of interrupting prescription. After this indictment was nolle prosequied on October 3, 1945, the State on the same day filed the bill of information, based on the same facts, under which bill the accused was tried and convicted.

Under these facts and circumstances, there is no merit in defendant's plea of prescription, as the indictment and the bill of information charge the identical offense, are based on the same facts, and affect the same defendant—all within the meaning and provisions of Article 8 of the Code of Criminal Procedure as amended by Act No. 323 of 1942—, and both the information and the indictment were filed in the district court of Bienville Parish, the court having jurisdiction. State v. Smith, 200 La. 10, 7 So.2d 368.

In the recent case of State v. Gendusa, 193 La. 59, 190 So. 332, 335, we said:

"The offense is charged in the original indictment to have been committed by defendant on July 17, 1937. The return of that indictment on August 4, 1937, interrupted prescription, under Article 8 of the Code of Criminal Procedure.

"The original indictment was declared to be invalid by this court in the Gendusa case on May 30, 1938, and the present, or new indictment was returned on September 6, 1938. As the prescription began to run against the present or new indictment only from the time the original indictment was declared invalid by this court in the Gendusa case, May 30, 1938, and the new indictment was returned September 16, 1938, it is clear that the plea of prescription tendered by defendant is without merit and was properly overruled by the trial judge, under the provisions of Article 8 of the Code of Criminal Procedure."

Counsel further contend that, notwithstanding the fact that the bill of information under which the defendant was tried and convicted negatived the prescription of one year in the second count, by alleg-

ing that defendant, Joe P. Lester, had absconded and was a fugitive from justice, said bill of information had to be filed within the one-year prescriptive period, since flight, under the provisions of Act No. 323 of 1942, did not suspend said one-year prescription but suspended only the prescriptive periods of two and three years relating to the failure to prosecute a felony or misdemeanor after the finding of an indictment or the filing of a bill of information.

Since we have concluded that the bill of indictment which was nolle prosequied had the effect of interrupting the prescription of one year, it is not necessary for us to pass upon counsel's contention that flight, under the provisions of Act No. 323 of 1942, did not suspend such prescription.

Bill of Exception No. 4.

After being adjudged guilty but prior to sentence, defendant filed a motion in arrest of judgment, in which he alleged that he was convicted of breaking and entering a store in the nighttime on the 9th day of December, 1939, and that there is no law under which he could be legally sentenced under the charge made against him and for which he was convicted. This motion was overruled, and defendant reserved this bill.

Defendant was tried for breaking and entering a store in the nighttime, an offense denounced by Section 852 of the Revised Statutes, as amended by Act No. 72 of 1926, which statute provided that any person convicted thereunder should suffer imprisonment at hard labor not exceeding 10 years. After conviction defendant was sentenced by the trial judge to serve a term at hard labor in the state penitentiary for nine years, a determinate sentence.

On December 9, 1939, the date on which the crime was committed, the indeterminate sentence law, Article 529 of the Code of Criminal Procedure, as amended and reenacted by Act No. 98 of 1936, was in full force and effect. Counsel contend that this act was repealed by Act No. 46 of 1942, which 1942 act again amended and reenacted Article 529 of the Code of Criminal Procedure, to make it the mandatory duty of the trial judge to impose a determinate sentence in all cases. Counsel contend further that, " * * * when the indeterminate sentence law [Act No. 98 of 1936], which was in full force and effect on December 9, 1939 [the date of the crime], was repealed, * * * the restoration of the determinate sentence law [Act No. 46 of 1942] had the effect of making more onerous the punishment which was prescribed at the time the crime was committed and therefore is *ex post facto*," and for these reasons contend that there is no law in existence under which this defendant can be legally sentenced.

In State v. Gros, 205 La. 935, 18 So.2d 507, 509, the defendant was charged with shooting with a dangerous weapon with intent to murder, contrary to the provisions of Act No. 44 of 1890. The offense in that case was committed on December 25, 1941, prior to the enactment of Act No. 46 of 1942. On March 4, 1943, after the effective date of Act No. 46 of 1942, defendant was tried and adjudged guilty and was sentenced by the court to imprisonment at

hard labor in the state penitentiary for a term of 15 months, a determinate sentence. This court annulled and set aside the determinate sentence of 15 months and ordered that defendant be given an indeterminate sentence, saying:

"But counsel argues that Act No. 98 of 1936 (the indeterminate sentence law) amended by implication and was a part of the statute (Act No. 44 of 1890) under which the accused committed the alleged crime, and that therefore Act No. 46 of 1942, which repealed the 1936 law and contained no specific saving clause, is violative of the constitutional provision relating to the enactment of ex post facto laws. Conceding arguendo that those two statutes (98 of 1936 and 44 of 1890) are to be read together, as is contended, it must be held that Act No. 46 of 1942 is not without a saving clause. One is contained in Act No. 35 of 1942, Section 1 of which states:

" 'Be it enacted by the Legislature of Louisiana, That the repeal of any statute shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such statute unless the repealing act shall expressly so provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.'

"Though this saving clause is general in scope, it is regarded as much a part of its contemporary statute, Act No. 46 of 1942, as if written therein. Interpretation of Laws—Statutory Construction— (Earl T. Crawford, 1940) Chapter 26, Section 300; State v. Dreaux, 205 La. 387, 17 So.2d 559.

"It is therefore our opinion that the failure of the Legislature to include in Act No. 46 of 1942 a specific saving clause did not furnish to relator a legislative pardon. However, the determinate sentence imposed on him was illegal; he should have received, and now must be given, an indeterminate sentence, *pursuant to the provisions of the statute (98 of 1936) that was in force and effect at the time of the commission of his crime.*"

That case is authority for the proposition that Act No. 46 of 1942 did not repeal the provisions of the 1936 act as to crimes committed prior to the effective date of the 1942 act. It is therefore clear that there is a valid law of this state under which defendant herein can be sentenced—that is, Act No. 98 of 1936, which was in full force and effect at the time the crime for which he has been convicted was committed.

■ In the alternative, defendant contends in brief that, in the event this court should find that there is a law under which he could be legally sentenced under the charge made against him, then in that event he is entitled to an indeterminate sentence for the reason that the crime of which he has been convicted was not burglary or any other offense subject to the imposition of a determinate sentence under the provisions of Act No. 98 of 1936.

That act makes it the mandatory duty of the district judge to impose an indeterminate sentence on any person sentenced to imprisonment in the state penitentiary

or at hard labor, otherwise than for life, or where the maximum penalty does not exceed one year, or where the person is convicted of burglary or certain other named offenses.

Counsel argue that burglary is a common-law crime and means the breaking and entering of an inhabited enclosure, and that the defendant in this case was charged with breaking and entering a store in the nighttime, and the bill of information does not allege that the store was inhabited.

As pointed out hereinabove, the accused was charged with a violation of Section 852 of the Revised Statutes, as amended by Act No. 72 of 1926, and this court fully answered the contention of counsel for this defendant in the case of State v. Williams, 189 La. 355, 179 So. 452, 453, in the following language:

"Under our law, burglary is a statutory offense and not a common-law offense. State v. Frank, 41 La.Ann. 596, 7 So. 131; State v. Johnson, 167 La. 986, 120 So. 620; State v. Eiserloh, 172 La. 1071, 136 So. 55; State v. Snowden, 174 La. 156, 140 So. 9.

"The term 'burglary,' under the established jurisprudence of this state is generic and is used in describing or referring to the several forms of breaking and entering denounced by sections 850, 851, 852, and 854 of the Revised Statutes, as amended and re-enacted by Acts Nos. 21, 71, 72, and 20 of 1926. State v. Ward, 147 La. 1083, 86 So. 552; State v. Eiserloh, 172 La. 1071, 136 So. 55; State v. Snowden, 174 La. 156, 140 So. 9.

"These sections of the Revised Statutes, as amended, specifically define and describe the different kinds of burglary, fixing distinct and varying penalties therefor, depending upon whether the building burglarized is a dwelling or other structure and also depending on whether the accused was armed or unarmed, or whether the offense was committed in the day or at night. State v. Ward, 147 La. 1083, 86 So. 552."

As the accused in this case was convicted of the crime of burglary, for which offense an indeterminate sentence is specifically excepted by Act No. 98 of 1936, the imposition by the district judge of a determinate sentence of nine years is correct.

For the reasons assigned, the conviction and sentence are affirmed.